MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Christie P. Bahna, Bar No. 295143
christie.bahna@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Claire M. Lesikar, Bar No. 311180
claire.lesikar@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
ARAMARK CAMPUS, LLC
and ARAMARK SPORTS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT BUCHANAN, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARAMARK CAMPUS, LLC, a Delaware limited liability company; ARAMARK SPORTS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:19-cv-384<br><br>**DEFENDANTS ARAMARK CAMPUS, LLC AND ARAMARK SPORTS, LCC'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332(a), 1441, 1446]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ROBERT BUCHANAN AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Aramark Campus, LLC ("Aramark Campus") and Aramark Sports, LLC ("Aramark Sports") (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California.  This Court has original subject matter jurisdiction over the claims of Plaintiff Robert Buchanan ("Plaintiff" or "Buchanan") under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.

## I.  SUMMARY OF COMPLAINT

1. On December 10, 2018, Plaintiff commenced this action in the Superior Court of the State of California, County of Santa Clara, entitled *Robert Buchanan, an individual, on behalf of himself and others similarly situated vs. Aramark Campus, LLC, a Delaware limited liability company, Aramark Sports, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive*, Case Number 18CV339719 ("Complaint"), against Defendant.  A true and correct copy of the Complaint, Civil Cover Sheet, and Summons are attached as **Exhibit A**.

2. Plaintiff's Complaint alleges causes of action for: (1) failure to pay minimum wages; (2) failure to pay wages and overtime under Labor Code § 510; (3) meal period liability under Labor Code § 226.7; (4) rest break liability under labor code § 226.7; (5) violation of Labor Code § 226(a); (6) violation of Labor Code § 221; (7) violation of Labor Code § 204; (8) violation of Labor Code § 203; and (8) violation of Business & Professions Code § 17200, *et seq*.

3. On January 18, 2019, Defendants filed their Answer to the Complaint in state court.  A true and correct copy of Defendants' Answer is attached as **Exhibit B**.

## II.  THE REMOVAL IS TIMELY

4. On December 20, 2018, Plaintiff served the Summons, Civil Case Cover Sheet, and Complaint, upon the registered agent for Defendants by process server.

5. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1453 and Fed. R. Civ Proc. 6(a)(1) (removal is timely if filed within thirty (30) days of service of the Summons, Civil Case Cover Sheet, and Complaint upon the Defendants). *See also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 929 (9th Cir.), cert. denied, 115 S.Ct. 185 (1994).

6. The Complaint, Civil Cover Sheet, Summons, and Defendant's Answer (all attached hereto as **Exhibits A and B**) constitute all process, pleadings, and orders that have been filed in this action.

7. This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and this matter may be removed to this Court under the provisions of 28 U.S.C. §§ 1441(a) and (b) in that (i) the amount in controversy as to Plaintiff exceeds $75,000, exclusive of interest and costs, (ii) the action involves citizens of different States, and (iii) no properly joined defendant is a citizen of California.

### III. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION BECAUSE THERE IS COMPLETE DIVERSITY AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

#### A. Complete Diversity of Citizenship Exists.

8. Complete diversity exists under 28 U.S.C. § 1332(a) between Plaintiff and Defendants because Plaintiff and Defendants are citizens of different states.

##### 1. Plaintiff Is a Citizen of California.

9. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011).

10. In his Complaint, Plaintiff alleges that "Plaintiff is a resident of California and Santa Clara County, and during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly concessions worker and concessions supervisor within the

State of California at Defendants' facilities and in connection with Defendants' operations at the SAP Center in San Jose, California and within the County of Santa Clara." Exh. A, Complaint ¶ 2.  Thus, the Complaint itself establishes that Plaintiff is a resident of the State of California.

11. According to Aramark Campus, Plaintiff's given address when he worked at Aramark Campus was in California.  Declaration of Stacy Detry in Support of Notice of Removal ("Detry Decl."), ¶ 3.  Plaintiff's payroll data reflects a permanent residence in the State of California.  Detry Decl., ¶ 3.  There are no documents in Plaintiff's personnel file that suggest that he is or has ever been a citizen of Pennsylvania or Delaware.  *Id.* at ¶ 3.

### 2. Defendant Aramark Campus, LLC Is a Citizen of Pennsylvania and Delaware.

12. For diversity purposes, the citizenship of a limited liability company is determined by looking at the citizenship of each of its members.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13. Aramark Campus, LLC is a limited liability company.  Declaration of Andrew Unton in Support of Notice of Removal ("Unton Decl."), ¶ 3.  Aramark Educational Services, LLC, a Delaware limited liability company, is the sole member of Aramark Campus.  *Id.*  Aramark Educational Group, LLC, a Delaware limited liability company, is the sole member of Aramark Educational Services, LLC.  *Id.*  Aramark Services, Inc. is the sole member of Aramark Educational Group, LLC.  *Id.*  Aramark Services, Inc. is incorporated in the State of Delaware and maintains its headquarters in Philadelphia, Pennsylvania.  *Id.*

14. As a result, Defendant Aramark Campus, LLC is not now and was not at the time of the filing of the Complaint in this action, a citizen of California.  *Id.*  Aramark Campus, LLC is now and, at the time this action commenced, a citizen of Delaware and Pennsylvania.

### 3. Defendant Aramark Sports, LLC Is a Citizen of Delaware and Pennsylvania.

15. Aramark Sports, LLC is a Delaware limited liability company.  Unton Decl., ¶ 4. Aramark Sports and Entertainment Services, LLC, a Delaware limited liability company, is the sole member of Aramark Sports, LLC.  *Id.*  Aramark/HMS, LLC, a Delaware limited liability company, is the sole member of Aramark Sports and Entertainment Services, LLC.  *Id.*  Aramark

Sports and Entertainment Group, LLC, a Delaware limited liability company, is the sole member of Aramark/HMS, LLC. *Id.* Aramark Services, Inc. is the sole member of Aramark Sports and Entertainment Group, LLC. *Id.* Aramark Services, Inc. is incorporated in the State of Delaware and maintains its headquarters in Philadelphia, Pennsylvania. *Id.*

16. As a result, Defendant Aramark Sports, LLC is not now and was not at the time of the filing of the Complaint in this action, a citizen of California. *Id.* Aramark Sports, LLC is now and, at the time this action commenced, a citizen of Delaware and Pennsylvania.

### 4. Doe Defendants Are Irrelevant for Purposes of Removal.

17. Under 28 U.S.C. § 1441(b)(1), the citizenship of a defendant sued under a fictitious name shall be disregarded. *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding disregarding the citizenship of defendants sued under fictitious names for removal); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Defendants' ability to remove.

18. Therefore, complete diversity exists as set forth in 28 U.S.C. § 1441(b)(2) as "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought."

### B. The $75,000 Amount-In-Controversy Requirement Is Satisfied.

19. To establish diversity jurisdiction the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. §1332(a).

20. A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014). The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

21. Where, as here, Plaintiff has not plead in the Complaint the amount of damages

that he seeks, the Court must look beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 & n. 4 (9th Cir. 2007); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006). In such cases, the defendant seeking removal must prove by a preponderance of the evidence that it has met the amount in controversy requirement. 28 U.S.C. § 1446(c)(2); *Lowdermilk*, 479 F.3d at 998; *Abrego Abrego*, 443 F.3d at 683. That is, the defendant must provide evidence that it is more likely than not that the amount in controversy meets the federal jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-12055 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

22. While Defendants here deny Plaintiff's factual allegations and further deny that Plaintiff is entitled to any of the relief whatsoever, Plaintiff's allegations have put into controversy an amount "more likely than not" in excess of $75,000, exclusive of interest and costs.

   **1.** **Plaintiff's Off-the-Clock Overtime Claim Places Approximately $14,595 in Controversy.**

23. Plaintiff alleges Defendants failed to pay Plaintiff for overtime wages earned off-the-clock. Exh. A, Complaint ¶¶ 63-71. Specifically, Plaintiff alleges that he was generally scheduled to work four to five days per week for 9 to 9.5 hours per shift and generally worked 40 minutes off the clock per shift. Exh. A, Complaint, ¶¶ 14, 16.

24. According to Aramark Campus' records, Plaintiff earned $18.50 per hour at the time of his separation and was employed for approximately 157 work weeks in the four-year period from approximately December 11, 2014 through December 14, 2017. Detry Decl., ¶ 3. Under Plaintiff's theory of liability, the amount in controversy for Plaintiff's off-the-clock overtime claim is approximately **$14,595** ($18.50 hourly rate x 1.5 x 0.67 hours (40 minutes) x 5 work days per week x 157 work weeks = $14,595).

### 2. Plaintiff's Minimum Wage and Liquidated Damages Claims Place Approximately $7,182.40 in Controversy.

25. Plaintiff alleges Defendants failed to pay Plaintiff the minimum wage for all hours worked in violation of Labor Code § 1194(a). Exh. A, Complaint, ¶¶ 50-62. Specifically, Plaintiff alleges that he was not paid for approximately 40 minutes of off-the-clock work four to five days per week. Exh. A, Complaint, ¶¶ 14, 16. There is a three-year statute of limitations on this claim. *See* Code Civ. Proc. § 338(a). Plaintiff was employed by Aramark Campus from December 11, 2015 to December 14, 2017 during the statutory time period, which equals approximately 104 workweeks. Detry Decl., ¶ 3.

26. From December 11, 2015 to December 31, 2015, the California minimum wage was $9.00 per hour. History of California Minimum Wage, State of California Department of Industrial Relations, available at https://www.dir.ca.gov/iwc/MinimumWageHistory.htm. On January 1, 2016, the minimum wage increased to $10.00 and to $10.50 on January 1, 2017. *Id.*

27. According to Plaintiff's theory, Plaintiff would be entitled to approximately $90.45 for off-the-clock hours worked in 2015 ($9.00 hourly rate x 0.67 off-the-clock hours x 5 work days x 3 work weeks = $90.45), $1,742 for off-the-clock hours worked in 2016 ($10.00 hourly rate x 0.67 off-the-clock hours x 5 work days x 52 work weeks = $1,742), and $1,758.75 for off-the-clock hours worked in 2017 ($10.50 hourly rate x 0.67 off-the-clock hours x 5 work days x 50 work weeks = $1,758.75). Therefore, the amount in controversy for Plaintiff's minimum wages claim is approximately **$3,591.20**.

28. In addition, Plaintiff seeks liquidated damages in an amount equal to the unpaid minimum wages, pursuant to Labor Code section 1194.2 (*see* Complaint, ¶¶ 58, 60). As a result, the amount in controversy for Plaintiff's liquidated damages claim is approximately **$3,591.20**.

### 3. Plaintiff's Meal Period and Rest Break Claims Places Approximately $29,045 in Controversy.

29. Plaintiff alleges Defendants failed to provide him with uninterrupted duty-free meal periods and rest breaks. *See* Exh. A, Complaint, ¶¶ 72-84. Specifically, Plaintiff alleges that "any meal periods he was provided were well after five (5) hours into a work shift or were otherwise interrupted or shortened and were unauthorized on-duty meal periods during which

Plaintiff and the Class members were expected to remain under Defendants' control." Exh. A, Complaint, ¶ 22.

30. Assuming Defendants were lawfully required to provide such meal periods and rest breaks to Plaintiff, as is alleged in the Complaint, then Plaintiff could recover potentially a premium equal to one hour of pay for each meal period and rest break that purportedly was not provided. *See* Labor Code § 226.7; *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012).

31. As set forth above, during Plaintiff's employment with Aramark Campus, Plaintiff's hourly rate was $18.50 per hour and he was employed during for 157 workweeks during the four-year period prior to the filing of the Complaint. Assuming Aramark Campus failed to provide Plaintiff with five (5) meal periods per week as he alleges in the Complaint, Plaintiff could potentially recover $14,522.50 for his meal period claim (5 meal period hours per week x 157 workweeks x $18.50 hourly rate = $14,522.50). Assuming Aramark Campus failed to provide Plaintiff with five rest periods per week as he alleges in his Complaint, Plaintiff could potentially recover $14,522.50 for his rest period claim. The total potential meal and rest period premiums thus equal approximately **$29,045**.

### 4. Plaintiff's Inaccurate Wage Statement Claim Places $50 in Controversy.

32. Plaintiff seeks statutory penalties for the alleged failure to provide him with his wage statements in violation of Labor Code § 226(a) and (2). *See* Exh. A, Complaint ¶¶ 85-91. Specifically, Plaintiff alleges that "the wage statements given to [Plaintiff] by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, and rounded timekeeping entries to the detriment of [Plaintiff] . . . ." Exh. A, Complaint ¶ 87.

33. Labor Code § 226(e) provides that an employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each alleged subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an employer knowingly and intentionally fails to provide an accurate, itemized wage statement. Labor Code § 226(e). Such an award may be granted for each wage statement issued that fails to comply with the Labor

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8   NOTICE OF REMOVAL

DB1/ 101640515.1

Code § 226 requirements.

34. According to Plaintiff's claim, he would be entitled to not less than $50 for the first violation, plus $100 for each subsequent violation, for every pay period during the relevant time period whereas she allegedly did not receive an accurate statement of wages, subject to a maximum award of $4,000. There is a one-year statute of limitations on this claim. *See* Cal. Code Civ. Proc. § 340(a); *Martinez v. Morgan Stanley & Co. Inc.*, 2010 WL 3123175, *6 (S.D. Cal. August 9, 2010).

35. Plaintiff was employed by Aramark Campus until December 14, 2017 and thus Plaintiff was employed for approximately one (1) workweek within the relevant period of December 11, 2017 to present. Therefore, the amount in controversy for Plaintiff's individual failure to provide wage statements claim is **$50**.

### 5. Plaintiff's Claim for Failure to Timely Pay Wages at Termination Places $4,440 in Controversy.

36. Plaintiff alleges that Defendants failed to pay him all wages owed within the time allowed under Labor Code § 203. *See* Exh. A, Complaint ¶¶ 101-106. Specifically, Plaintiff alleges that "the wages withheld from [Plaintiff] by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment." Exh. A, Complaint ¶ 104.

37. As a result, this claim places **$4,440.00** in controversy (*i.e.*, 8 hours per work day x hourly rate of $18.50 per hour x 30 days). *See*, *e.g.*, *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *6 (C.D. Cal. May 21, 2015) ("Since it is reasonable to assume a 100% violation rate for the rest break claim, then it is reasonable to further assume that 100% of the former employees would have had those unpaid rest break wages unlawfully withheld after their employment ended and still not paid up to the maximum 30-day period under the statute.")

### 6. Plaintiff's Claim for Attorneys' Fees Places Approximately $132,200 in Controversy.

38. Plaintiff seeks to recover attorneys' fees. Exh. A, Complaint, Prayer for Relief. Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, may be considered for purposes of calculating the amount in controversy. *See Brady v.*

*Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, *a reasonable estimate of fees likely to be incurred to resolution* is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.") (emphasis added); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (finding that attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Hurd v. American Income Life Insurance*, 2013 WL 5575073 (C.D. Cal. Oct. 13, 2013) (allowing attorney's fees as part of amount in controversy where authorized by statute or contract); *Melendez v. HMS Host Family Restaurants, Inc.*, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

39.  When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal, but include those future attorneys' fees that would reasonably accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

40.  The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel would likely spend on the case. *See Brady*, 243 F. Supp. 2d at 1011; *see also Lyon v. W. W. Grainger Inc.*, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is sufficient to establish that its estimate is more likely than not correct."). With respect to fee awards in similar cases, courts have recognized that "attorneys handling wage-and-hour cases typically spend *far more than 100 hours* on the case." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010). Individual wage and hour cases (as opposed to putative class or representative action) often involve several hundred hours of work. *See, e.g., Cappuccio v. Pepperdine University*, Case. No. 13-cv-3125-DSF-AJWx (C.D. Cal. Sept. 29, 2014), Dkt. No. 81-1 at ¶¶ 7, 9 (plaintiffs' counsel stated that they spent 506.9 hours litigating a single plaintiff

1  case for violations of the Fair Labor Standards Act); *Puerto, et al. v. Wild Oats Markets, Inc.*,
2  BC359723, (L.A. Sup. Ct. Mar. 24, 2011), (in plaintiffs' Motion for Attorney's Fees and Costs, at
3  10:18-20, counsel for plaintiffs stated that they spent 1,250.74 hours litigating a two-plaintiff
4  overtime case).

5        41.    Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will
6  spend litigating Plaintiff's individual wage and hour claims, based on Plaintiff's allegations and a
7  comparison of similar individual wage and hour cases, is approximately 200 hours. The parties
8  will need to participate in a Rule 16 and 26(f) conference, prepare and file a joint case
9  management conference statement, and appear at a case management conference. Defendants
10 anticipate deposing the Plaintiff.  Defendants anticipate that Plaintiff's counsel will depose one or
11 more Rule 30(b)(6) witnesses.  Defendants anticipate filing a motion for summary judgment.
12 Defendants anticipate that the Parties may have disputes regarding discovery that will involve the
13 Parties briefing and arguing one or more discovery motions.  Given the anticipated law and
14 motion practice and the need for at least one case management conference appearance, Defendant
15 anticipates there will be at least four court appearances, separate and apart from any pretrial and
16 trial practice before the Court.  Plaintiff has requested a jury trial, which would extend the time
17 necessary for any trial of Plaintiff's claims.  Therefore, approximately 200 hours of attorney time
18 represents a conservative, and certainly reasonable, estimate of the number of attorney hours that
19 can reasonably be anticipated through the resolution of this case.

20       42.    Plaintiff's counsel's hourly rates are available through reference to publicly
21 available fee requests in other cases.  Mr. Yeremian's hourly rate is $685, Mr. Lindsay's is $650,
22 and Mr. Haines' is $650.  *See* Declaration of Walter L. Haines in Support of Plaintiff's Motions
23 for Final Approval of Class Action Settlement, Attorneys' Fees, Costs, and Service Award (Dkt.
24 33-2), *Avila v. Cold Spring Granite Co.*, Case No. 16-cv-01533-AWI-SKO, ¶ 6 (E.D. Cal. Nov.
25 20, 2017); Declaration of David Yeremian in Support of Plaintiffs' Unopposed Motion for
26 Approval of Award of Attorneys' Fees and Costs and Class Representative Enhancements at
27 Final Approval of Class Action Settlement (Dkt. 40-2), *Rowser v. Trunk Club, Inc.*, Case No. 17-
28 cv-05064-DSF-RAO, ¶ 77 (C.D. Cal. Nov. 26, 2018).  Using an average of the three hourly rates

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

11       NOTICE OF REMOVAL

DB1/ 101640515.1

described above, 200 hours of attorney time at a billing rate of $662 an hour equates with **$132,200** in attorneys' fees. Plaintiff's claims therefore more likely than not place at least $187,312.40 in controversy.

| Cause of Action | Amount in Controversy |
| --- | --- |
| Unpaid overtime | $14,595 |
| Unpaid minimum wages and liquidated damages | $7,182.40 |
| Premiums for alleged failure to provide meal breaks | $14,522.50 |
| Premiums for alleged failure to provide rest breaks | $14,522.50 |
| Penalties for alleged failure to provide accurate itemized wage statements | $50 |
| Penalties for alleged failure to pay all wages upon termination | $4,440 |
| Plaintiff's attorneys' fees | $132,000 |
| Total | $187,312.40 |

43.     Accordingly, although Defendants expressly and emphatically deny Plaintiff's factual allegations and prayer for relief and deny that Plaintiff is entitled to any relief whatsoever, based solely on the allegations contained in the Complaint, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in U.S.C. § 1332(a).

**IV.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.**

44.     As set forth above, this Notice of Removal is being timely filed within thirty days of service of the Summons, Civil Case Cover Sheet and Complaint upon Defendants.

45.     Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

46. Defendants have sought no similar relief.

47. The prerequisites for removal under 28 U.S.C. §§ 1332(a), 1441 and 1446 have been met.

48. Because this Court has original jurisdiction under the provisions of 28 U.S.C. §§1332(a), removal of this action is proper pursuant to 28 U.S.C. § 1441.

49. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present additional briefing and evidence (if applicable/necessary) and oral argument in support of its position that this case is removable.

WHEREFORE, Defendants, desiring to remove this case to the United States District Court for the Northern District of California, pray that the filing of this Notice of Removal shall effect the removal of the suit to this Court.

Dated: January 22, 2019                         MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Eric Meckley*
　　　Eric Meckley
　　　Christie P. Bahna
　　　Claire M. Lesikar
　　　Attorneys for Defendants
　　　ARAMARK CAMPUS, LLC and
　　　ARAMARK SPORTS, LLC