# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ARAMARK CAMPUS, LLC, a Delaware limited liability company;
ARAMARK SPORTS, LLC, a Delaware limited liability company; and
DOES 1 through 50, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT BUCHANAN, an individual, on behalf of himself and others
similarly

E-FILED
12/10/2018 2:51 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV339719
Reviewed By: Yuet Lai
Envelope: 2260699

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara County Superior Court
191 N First Street, San Jose, CA 95113-1090

**CASE NUMBER:**
*(Número del Caso):* 18CV339719

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Yeremian, 535 N. Brand Blvd. Suite 705, Glendale, CA 91203  (818) 230-8380

DATE: 12/10/2018 2:51 PM        Clerk of Court    Clerk, by    Yuet Lai        , Deputy
*(Fecha)*                              *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

    **Aramark Campus, LLC, a Delaware limited liability company**

3. [X] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [X] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):* 12-20-18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  david@yeremianlaw.com
   Alvin B. Lindsay (SBN 220236)
3  alvin@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  UNITED EMPLOYEES LAW GROUP, PC
   Walter Haines (SBN 71075),
7  whaines@uelg.com
   5500 Bolsa Ave., Suite 201,
8  Huntington Beach, CA 92649
   Telephone: (310) 652-2242.

9
   Attorneys for Plaintiff ROBERT BUCHANNAN,
10 on behalf of himself and others similarly situated

E-FILED
12/10/2018 2:51 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV339719
Reviewed By: Yuet Lai

11            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                   **FOR THE COUNTY OF SANTA CLARA**

13  ROBERT BUCHANAN, an individual, on        Case No.:    18CV339719
    behalf of himself and others similarly
14  situated,                                  <u>CLASS ACTION</u>

15                     Plaintiff,              <u>Assigned for All Purposes To:</u>
                                               Hon.
16            vs.                              Dept.:

17  ARAMARK CAMPUS, LLC, a Delaware            **CLASS ACTION COMPLAINT FOR:**
    limited liability company; ARAMARK
18  SPORTS, LLC, a Delaware limited liability  1.  Failure to Pay Minimum Wages;
    company; and DOES 1 through 50, inclusive, 2.  Failure to Pay Wages and Overtime Under
19                                                 Labor Code § 510;
                     Defendants.               3.  Meal Period Liability Under Labor Code §
20                                                 226.7;
                                               4.  Rest-Break Liability Under Labor Code
21                                                 § 226.7;
                                               5.  Violation of Labor Code §§ 226(a)
22                                             6.  Violation of Labor Code § 221;
                                               7.  Violation of Labor Code § 204;
23                                             8.  Violation of Labor Code § 203; and
                                               9.  Violation of Business & Professions Code
24                                                 § 17200 *et seq.*

25                                             **DEMAND FOR JURY TRIAL**

26

27

28

1    Plaintiff ROBERT BUCHANNAN, (hereinafter "Plaintiff") on behalf of himself and all

2  other similarly situated concessions supervisors (collectively, "Employees"; individually,

3  "Employee") complains of Defendants, and each of them, as follows:

4                                    **INTRODUCTION**

5    1.    Plaintiff brings this action on behalf of himself and all current and former

6  Employees within the State of California who, at any time from four (4) years prior to the filing of

7  this lawsuit, are or were employed as non-exempt, hourly concessions supervisors by Defendants

8  ARAMARK CAMPUS, LLC, a Delaware limited liability company; ARAMARK SPORTS, LLC,

9  a Delaware limited liability company; and DOES 1 through 50 (all defendants being collectively

10  referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each of them, violated

11  various provisions of the California Labor Code, relevant orders of the Industrial Welfare

12  Commission ("IWC"), and the California Business & Professions Code, and seeks redress for

13  these violations.

14    2.    Plaintiff is a resident of California and Santa Clara County, and during the time

15  period relevant to this Complaint, was employed by Defendants as a non-exempt hourly

16  concessions worker and concessions supervisor within the State of California at Defendants'

17  facilities and in connection with Defendants' operations at the SAP Center in San Jose, California

18  and within the County of Santa Clara.

.19    3.    Plaintiff and the other similarly situated concession supervisor Employees of

20  Defendants worked in the food and support services sector and in connection with Defendants'

21  concessions operations at various venues and sports and entertainment facilities throughout

22  California at Defendants' behest without being paid all wages due. More specifically, Defendants

23  employed Plaintiff and the other similarly situated hourly, non-exempt concessions supervisors

24  with assigned responsibilities for managing the services provided by concessions staff workers,

25  including cooks and cashiers, at the multiple concession stands assigned to them within their

26  assigned facilities. Upon information and belief, Plaintiff was employed by Defendants and (1)

27  shared similar job duties and responsibilities; (2) was subjected to the same policies and practices;

28  and (3) endured similar violations at the hands of Defendants as the other Employee Class

1   members who served in similar and related positions.

2       4.      Defendants required Plaintiff and the Employees in the Class to work off the clock

3   and failed to record accurate time worked by these Employees, failed to pay them at the

4   appropriate rates for all hours worked, and provided Plaintiff and the Class members with

5   inaccurate wage statements that prevented them from learning of these unlawful pay practices.

6   Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as

7   Employees were required to remain under Defendant's control and were not provided with the

8   opportunity to take full uninterrupted and duty-free rest periods and meal breaks, as required by

9   the Labor Code and the applicable paragraphs of the IWC Wage Orders.

10      5.      Upon information and belief, Defendants ARAMARK CAMPUS, LLC and

11  ARAMARK SPORTS, LLC are subsidiaries of Aramark and Aramark Services, Inc. (collectively,

12  "Aramark"), which are Delaware corporations who maintain executive offices in Philadelphia,

13  Pennsylvania. Aramark is a leading provider of food services and facilities through the entities in

14  its Food and Support Services, North America segment. This segment serves different client

15  sectors throughout the United States and in California, including serving Aramark's clients in the

16  Sports, Leisure & Corrections sector.

17      6.      Plaintiff was employed by Defendant ARAMARK CAMPUS, LLC, as it is the

18  entity listed as the employer on the wage statements provided by Defendants to Plaintiff during the

19  relevant time period. ARAMARK CAMPUS, LLC is a Delaware limited liability company which

20  lists with the California Secretary of State its Principal Office in Philadelphia, Pennsylvania, and

21  its type of business as "Managed Services." ARAMARK CAMPUS, LLC does not list a

22  California office with the Secretary of State.

23      7.      Upon information and belief, Plaintiff and the similarly situated Class members

24  were also jointly employed by ARAMARK SPORTS, LLC, who along with ARAMARK

25  CAMPUS, LLC set the hours and working conditions, and issued the relevant policies, which

26  governed the employment of Plaintiff and the Class members throughout California during the

27  relevant time periods. Additionally, in the Notice provided to Plaintiff under Labor Code § 2810.5

28  in Plaintiff's personnel file, ARAMARK SPORTS, LLC is listed as Plaintiff's employer.

- 3 -
CLASS ACTION COMPLAINT

1 ARAMARK SPORTS, LLC is a Delaware limited liability company which lists with the
2 California Secretary of State its Principal Office in Philadelphia, Pennsylvania and its type of
3 business as "Labor Management." ARAMARK SPORTS, LLC does not list a California office
4 with the Secretary of State.

5     8.    Upon information and belief, Defendants ARAMARK CAMPUS, LLC and
6 ARAMARK SPORTS, LLC operate in the Aramark Sports, Leisure & Corrections and Education
7 sectors to administer concessions, banquet and catering services, retail services and merchandise
8 sales, recreational and lodging services and facility management services at sports, entertainment
9 and recreational facilities and in convention and civic centers throughout the United sSates and
10 California, including at the SAP Center in San Jose, California and in Santa Clara County where
11 Plaintiff was employed as a concessions supervisor. Upon information and belief, Defendants
12 acting in concert, contracted food and retail services for customers and guests at the SAP Center in
13 San Jose, California and in Santa Clara County and at other similar venues and facilities
14 throughout California, where concessions operations and services were conducted and provided by
15 Defendants.

16     9.    This Court has jurisdiction over this Action pursuant to California Code of Civil
17 Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought
18 as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California
19 Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district ·
20 pursuant to California Code of Civil Procedure § 395 et seq. Upon information and belief, the
21 obligations and liabilities giving rise to this lawsuit occurred in part in the County of Santa Clara
22 and Defendants maintain facilities and provide concessions services at facilities in San Jose,
23 California, thus employing Plaintiff and other Class members in Santa Clara County, as well as
24 throughout California.

25     10.    The true names and capacities, whether individual, corporate, associate, or
26 whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently '
27 unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of
28 Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants'

- 4 -
CLASS ACTION COMPLAINT

1    designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in
2    some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend
3    this Complaint to reflect the true names and capacities of the Defendants designated herein as
4    Does 1 through 50 when their identities become known.

5    11.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in
6    all respects pertinent to this action as the agent of the other Defendants, that Defendants carried
7    out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of
8    each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in
9    all respects as the employers or joint employers of Employees. Defendants, and each of them,
10   exercised control over the wages, hours or working conditions of Employees, created and
11   implemented the policies and practices that governed the employment of Plaintiff and the Class
12   members, or suffered or permitted Plaintiff and the other concessions supervisor Employees to
13   work, or engaged, thereby creating a common law employment relationship, with the Employee
14   Class members. Therefore, Defendants, and each of them, employed or jointly employed the
15   Employee Class members.

16                                    **FACTUAL BACKGROUND**

17   12.    The Employees who comprise the Class, including Plaintiff, are non-exempt
18   employees pursuant to the applicable Wage Order of the Industrial Welfare Commission
19   ("IWC"). Defendants hire Employees who work in non-exempt positions at the direction of
20   Defendants in the State of California. Plaintiff and the Class members were either not paid by
21   Defendants for all hours worked or were not paid at the appropriate minimum, regular and
22   overtime rates. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class
23   members all wages due and owing, including by off the clock work, made unlawful deductions
24   from their pay, failed to provide meal and rest breaks, and failed to furnish accurate wage
25   statements, all in violation of various provisions of the California Labor Code and applicable
26   paragraphs of the IWC Wage Orders.

27   13.    During the course of Plaintiff and the Class members' employment with
28   Defendants, they were not paid all wages they were owed, including for all work performed

- 5 -
CLASS ACTION COMPLAINT

1  (resulting in "off the clock" work) and for all overtime hours worked, and were forced to work
2  off-the-clock in part due to demanding job requirements and the the policy and practice of
3  Defendants' managers contacting them on radios they were required to carry at all times,
4  including while on breaks. Plaintiff was employed beginning in 2014 by Defendants and during
5  the relevant time period as a concessions worker, including a stand attendant, and in Defendants'
6  food and beverage services and support departments at Defendants' facilities operated in the SAP
7  Center in San Jose, California. He was promoted to Concessions Supervisor in February of 2017,
8  and worked in that position through his separation from Defendants' employment in January of
9  2018. Upon information and belief, Defendants employ other non-exempt, hourly Concessions
10 Supervisors at the SAP Center and at the various other venues throughout California where
11 Defendants operate and employ similarly situated concessions workers and supervisors in support
12 of their California network of food services operations. Upon information and belief, Defendants'
13 employment of the concessions stand workers is governed under a collective bargaining
14 agreement, but there are no such collective bargaining agreements governing the employment of
15 Defendants' concessions supervisors, such as Plaintiff and the putative Class members.

16     14.     Plaintiff and the other similarly situated hourly, non-exempt concessions
17 supervisors were responsible for managing the services being provided by concessions staff
18 workers, including cooks and cashiers, at the multiple concession stands assigned to them within
19 their assigned facilities. Plaintiff was generally scheduled to work four or five days per week,
20 depending on the various events at his assigned location, and generally worked 9 to 9.5 hour
21 shifts from 1:30 p.m. to 10:30 or 11:00 p.m. Plaintiff would clock in and out for work shifts, and
22 on some occasions for meal periods, by swiping his ID badge in Defendants' timekeeping system.
23 Plaintiff and the other similarly situated hourly, non-exempt concessions supervisors were
24 responsible for managing the services being provided by concessions staff workers, including
25 cooks and cashiers, at the multiple concession stands assigned to them within their assigned
26 facilities. This required the supervision of all aspects of the operations, and even sometimes 2-3
27 hours of preparing concessions or serving as a cashier and assisting concession workers as
28 required.

1          15.     Given the multiple stands assigned to each concessions supervisor and the

2   different requirements that arose during facility events, Plaintiff and the other similarly situated

3   concessions supervisors were required to carry a company issued radio at all times to respond to

4   question and work assignments from managers, who regularly and consistently contacted the

5   concessions supervisors during events and while they were on duty and supervising the

6   operations of the assigned concessions stands. Managers made these contacts without regard to

7   whether an employee was on a break, and Plaintiff and the Class members were expected to

8   respond to inquiries and instructions from managers and customers or other concessions workers

9   whether they were on a break or not. Plaintiff and the Class members were either not provided

10  with meal periods or were required to input their times to reflect that they received meal breaks or

11  worked for lesser hours than in actuality given Defendants' policy of requiring that timekeeping

12  records conform generally to scheduled shift times, or to reflect timely meal periods, rather than

13  actual hours worked or when meals were actually provided, if at all.

14         16.     Defendants also required Plaintiff and the Class members to work hours off the

15  clock for which they were not compensated, including being contacted by phone or e-mail, or by

16  radios, by managers during off-duty time and by being required to work off the clock before they

17  clocked in for a work shift or to complete work related requirements after they clocked out for the

18  end of their shifts, along with the off the clock work addressed above during interrupted or

19  otherwise on-duty meal and rest periods. For example, Plaintiff was compelled to ensure he

20  limited overtime hours and regular hours worked and was required to remain under Defendants'

21  control after clocking out to perform such required job duties as inspecting bathrooms or helping

22  cashiers close out. Defendants also followed a uniform, continuous and consistent policy of

23  clocking out Employees for meal periods they were in actuality working through, which in

24  practice results in truncation and time-shaving and creating inaccurate records of hours worked in

25  order to reduce the premium wages owed to Plaintiff and the similarly situated Class members.

26  Plaintiff and the Class members would therefore generally work at least 15-20 minutes off the

27  clock before and after timekeeping entries and during the hours they were compelled to work by

28  remaining under Defendants' control during meal and rest breaks.

- 7 -
CLASS ACTION COMPLAINT

1    17.    Defendants did not record actual meal period start times and end times for Plaintiff
2  and the Class members, or else inaccurately recorded them, and required concessions supervisors
3  to remain under Defendants' control during breaks to respond to radio calls and other
4  management directives and customer and concession worker requirements. Defendants have
5  therefore also either failed to maintain timekeeping records for Plaintiff that would permit
6  Plaintiff to discover the nature and extent of Defendants' unlawful rounding and the actual hours
7  Plaintiff worked, or has otherwise declined to produce them to Plaintiff in response to a timely
8  and lawful request.

9    18.    As a result of the above described unlawful requirements to work off the clock, the
10  failure to accurately record all hours worked and pay wages at the correct rates, and the other
11  wage violations they endured at Defendants' hands, Plaintiff and the Class members were not
12  properly paid all wages earned and all wages owed to them by Defendants, including when
13  working more than eight (8) hours in any given day and/or more than forty (40) hours in any
14  given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class
15  members incurred overtime hours worked for which they were not adequately and completely
16  compensated, in addition to the hours they were required to work off the clock. To the extent
17  applicable, Defendants also failed to pay Plaintiff and the Class members at an overtime rate of
18  1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week
19  and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on
20  the seventh consecutive work day, as required under the Labor Code and applicable IWC Wage
21  Orders.

22    19.    Therefore, from at least four (4) years prior to the filing of this lawsuit and
23  continuing to the present, Defendants had a consistent policy or practice of failing to pay
24  Employees for all hours worked, and failing to pay minimum wages for all time worked, as
25  required by California law. Also, from at least four (4) years prior to the filing of this lawsuit and
26  continuing to the present, Defendants had a consistent policy or practice of failing to pay
27  Employees overtime compensation at premium overtime rates for all hours worked in excess of
28  eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in

- 8 -

1    excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding
2    sections of IWC Wage Orders.

3    20.    Additionally, Defendants failed to provide all the legally required unpaid, off-duty
4    meal periods and all the legally required paid, off-duty rest periods to Plaintiff and the other Class
5    members, as required by the applicable Wage Order and Labor Code. Defendants did not have a
6    policy or practice which provided or recorded all the legally required unpaid, off-duty meal
7    periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other Class
8    members. Plaintiff and other Class members were required to perform work as ordered by
9    Defendants for more than five (5) hours during a shift, but were often required to do so without
10   receiving a meal break. Employees were required to work through their entire shift, continuously,
11   and were not afforded the opportunity to take meal periods or rest breaks, or at least off-duty ones.
12   More specifically, Plaintiff and the Employees in the Class were required to carry and monitor
13   their work radios, and remain both on call and on duty continuously throughout their entire shift,
14   including during any alleged break times. Defendants did not schedule or otherwise provide meal
15   periods or authorize and permit rest breaks, and work demands also consistently prevented
16   Plaintiff and the Class members from taking meal periods or rest breaks anyway, or at least ones
17   that were off-duty and uninterrupted and provided timely and for their full duration. Additionally,
18   as addressed above, Defendants followed a practice of under-reporting or rounding down hours
19   worked in a manner that would impact when Employees were to receive meal periods and rest
20   breaks, leading to further violations.

21   21.    Plaintiff was generally scheduled to work four days per week, depending on the
22   various events at his assigned location, and generally worked 9 to 9.5 hour shifts from 1:30 p.m. to
23   10:30 or 11:00 p.m. Plaintiff would clock in and out for work shifts and meal periods by swiping
24   his ID badge in Defendants' timekeeping system. Plaintiff and the other similarly situated hourly,
25   non-exempt concessions supervisors were responsible for managing the services being provided
26   by concessions staff workers, including cooks and cashiers, at the multiple concession stands
27   assigned to them within their assigned facilities. This required the supervision of all aspects of the
28   operations, and even sometimes 2-3 hours of preparing concessions or serving as a cashier and

- 9 -
CLASS ACTION COMPLAINT

1   assisting concession workers as required. Given the multiple stands assigned to each concessions

2   supervisor and the different requirements that arose during facility events, Plaintiff and the other

3   similarly situated concessions supervisors were required to carry a company issued radio at all

4   times to respond to questions and work assignments from managers, who regularly and

5   consistently contacted the concessions supervisors during events and while they were on duty and

6   supervising the operations of the assigned concessions stands. Managers made these contacts

7   without regard to whether an employee was on a break, and Plaintiff and the class members

8   expected to respond to inquiries and instructions from managers and customers whether they were

9   on a break or not.

10       22.     Plaintiff and the Class members were often also required to input their times to

11   reflect that they received meal breaks or worked for lesser hours than in actuality given

12   Defendants' policy of requiring that timekeeping records conform generally to scheduled shift

13   times, or to reflect timely meal periods, rather than actual hours worked or when meals were

14   actually provided, if at all. Further, due to the job duties and work requirements and demands

15   placed upon Plaintiff and the other similarly situated concessions supervisors, including the

16   requirement to constantly monitor their radios to respond to management and customer demands

17   and inquiries, they were required to work through meal and rest periods or to receive them

18   untimely, if at all. Plaintiff estimates that he was not provided with the opportunity to take a meal

19   periods at all on at least two (2) shifts out of five (5) in a work week, and that any meal periods he

20   was provided were well after five (5) hours into a work shift or were otherwise interrupted or

21   shortened and were unauthorized on-duty meal periods during which Plaintiff and the Class

22   members were expected to remain under Defendants' control.

23       23.     Despite the fact that meal periods were generally either not provided or were

24   unlawfully provided as untimely or on-duty, Defendants followed a uniform policy and practice of

25   unlawfully deducting hours worked for compliant meal periods and of managers changing

26   timekeeping entries to reflect meal period compliance or otherwise compelling concessions

27   supervisors to input compliant entries while returning to perform work duties or respond to calls

28   from managers or to respond to customer demands and inquiries from their assigned concession

1    workers. Upon information and belief, Defendants' uniform policy and practice applied to Plaintiff
2    and the other concession supervisors compelled Plaintiff and the Class members to input
3    timekeeping entries for work shifts and meal periods that understated their total hours worked
4    during their shifts. In the event a timekeeping entry for a concessions supervisor did not reflect
5    compliant meal periods, Defendants' policies and practices also called for Defendants' managers
6    to change actual timekeeping punch times inputted by Plaintiff and the Class members to reflect
7    timely and otherwise compliant meal periods when in reality either none were provided or they
8    were provided untimely or were interrupted or were shortened or otherwise occurred on-duty.
9    Defendants thus followed a uniform, continuous and consistent policy of clocking out Employees
10   for meal periods they were in actuality working through, which in practice resulted in truncation
11   and time-shaving and creating inaccurate records of hours worked in order to reduce the premium
12   wages owed to Plaintiff and the similarly situated Class members.

13       24.    On the occasions when timekeeping records reflected no out and in time punches
14   for meal periods and no meal period was otherwise recorded, Defendants would not pay one hour
15   or regular rate wages for each such occasion. To the extent Plaintiff and the Class members
16   worked shifts of greater than ten (10) hours worked, they were not provided with second timely
17   and duty-free meal periods. To the extent Defendants rely upon any alleged second meal period
18   waivers, such alleged waivers are, upon information and belief, either unenforceable or were ·
19   revoked or otherwise not entered into with all the Class members, and they are inapplicable to any
20   shifts over twelve (12) hours.

21       25.    On the occasions when Employees in the Class worked over 10 hours in a shift,
22   Defendants also failed to provide them with a second meal period. As a result, Defendants' failure
23   to provide the Plaintiff and the Class members with all legally required off-duty, unpaid meal
24   periods and all the legally required off-duty, paid rest periods is and will be evidenced by
25   Defendants' business records, or lack thereof. Defendants have either failed to maintain required
26   records of when meal periods were actually provided or failed to produce them in response to
27   Plaintiff's timely and lawful requests. Defendants' management also instructed Employees to
28   input time entries to reflect conformance rather than actual times worked. Defendants also failed

- 11 -
CLASS ACTION COMPLAINT

1  to pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate

2  of pay, for each meal period or rest break that Defendants failed to provide or deficiently provided.

3      26.    Therefore, for at least four years prior to the filing of this action and through to the

4  present, Plaintiff and the Class members were unable to take off-duty breaks or were otherwise not

5  provided with the opportunity to take required breaks due to Defendants' policies and practices.

6  On the occasions when Plaintiff and the Class members were provided with a meal period, it was

7  often untimely or interrupted, or was impermissibly shortened, and Employees were not provided

8  with one (1) hour's wages in lieu thereof. Meal period violations thus occurred in one or more of

9  the following manners:

10         (a)    Class members were not provided full thirty-minute duty free meal periods

11                for work days in excess of five (5) hours and were not compensated one (1)

12                hour's wages in lieu thereof, all in violation of, among others, Labor Code

13                §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage

14                Order(s);

15         (b)    Class members were not provided second full thirty-minute duty free meal

16                periods for work days in excess of ten (10) hours;

17         (c)    Class members were required to work through at least part of their daily

18                meal period(s);

19         (d)    Meal periods were provided after five (5) hours of continuous work during

20                a shift; and

21         (e)    Class members were restricted in their ability to take a full thirty-minute

22                meal period.

23     27.    Similar violations resulted from Defendants' failure to authorize and permit

24 Plaintiff and the Class members to take duty-free, net ten (10) minute rest breaks for ever four

25 hours of shift work, or major fraction thereof. More specifically, the job requirements and duties

26 required of the concessions supervisors, and the demands from management, customers, and their

27 assigned concessions workers, manifested a failure to authorize and permit Class members to take

28 all their required rest breaks. Plaintiff and the other similarly situated concessions supervisors

1  were either not permitted the opportunity to take a rest break, or were required to remain under
2  Defendants' control to respond to radio communications and other instructions from management
3  and job and customer demands. Defendants also failed to authorize and permit employees to
4  leave the premises during rest breaks, thus further evidencing Defendants' policy and practice of
5  requiring Plaintiff and the Class members to remain under their control during required off-duty
6  rest break times.

7      28.    Defendants' policies and practices thus systematically deny and denied Plaintiff
8  and the Class members full, duty-free ten-minute rest periods and thirty-minute, duty-free meal
9  periods. The California Supreme Court has instructed that the rest period requirement obligates
10 employers to permit-and authorizes employees to take-off-duty rest periods. That is, during rest
11 periods employers must relieve employees of all duties and relinquish control over how
12 employees spend their time. Plaintiff and the Class members were and are under Defendants'
13 control when they are working through rest breaks, including by responding to radio
14 communications, and an employer cannot impose any restraints on employees not inherent in the
15 rest period requirement itself. Defendants have provided either impermissibly shortened or
16 untimely meal and rest breaks to Plaintiff and the Class members. Additionally, Defendants'
17 enforced a uniform and unlawful policy that prevented Plaintiff and the Class members from
18 leaving the facility premises during their rest breaks.

19     29.    Plaintiff and the Defendants' Employees in the Class were also not authorized and
20 permitted to take lawful rest periods, were systematically required by Defendants to work through
21 or during breaks, and were not provided with one (1) hour's wages in lieu thereof. They were
22 required to remain on-duty during breaks or portions of their breaks, thus making them either
23 untimely or shortened and on-duty, and they were also prevented from leaving the premises
24 during rest breaks under Defendants' policies. Rest period violations therefore arose in one or
25 more of the following manners:

26          (a)    Class members were required to work without being provided a minimum
27                 ten (10) minute rest period for every four (4) hours or major fraction
28                 thereof worked and were not compensated one (1) hour of pay at their

- 13 -
CLASS ACTION COMPLAINT

1                 regular rate of compensation for each workday that a rest period was not

2                 provided;

3             (b)     Class members were not authorized and permitted to take timely rest

4                 periods for every four hours worked, or major fraction thereof; and

5             (c)     Class members were required to remain on-duty during rest periods or

6                 otherwise had their rest periods interrupted by work demands.

7       30.     From at least four (4) years prior to the filing of this lawsuit and continuing to the

8 present, Defendants have also consistently violated Labor Code § 221 by unlawfully collecting or

9 deducting the Employees' earned wages, including by the above described off the clock work and

10 on-duty work while on unpaid meal breaks. By not compensating Employees for all hours worked,

11 Defendant unlawfully deducted wages earned by and owed to Plaintiff and the Class members, in

12 violation of Labor Code § 221.

13       31.     As a result of these illegal policies and practices, Defendants engaged in and

14 enforced the following additional unlawful practices and policies against Plaintiff and the Class

15 members he seeks to represent:

16         a.   failing to pay all wages owed to Class members who either were discharged, laid

17            off, or resigned in accordance with the requirements of Labor Code §§ 201, 202,

18            203;

19         b.   failing to pay all wages owed to the Class members twice monthly in accordance

20            with the requirements of Labor Code § 204;

21         c.   failing to pay Class members all wages owed, including all meal and rest period

22            premium wages;

23         d.   failing to maintain accurate records of Class members' earned wages and meal

24            periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the

25            applicable IWC Wage Orders; and

26         e.   failing to produce timekeeping records in response to Plaintiff's timely and lawful

27            request to receive them under these authorities.

28

32.     From at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have also consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws, including by the above-described requirement of off the clock work and failure to pay premium wages for unprovided or otherwise unlawful meal and rest breaks. Defendants have also made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Plaintiff and the Class, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained, or were not accurately maintained, for work shifts and meal periods, which were automatically presumed by Defendants to have been lawfully provided when they were not. Defendants also failed to accurately record and pay for all regular and overtime hours worked and submitted by Plaintiff and the Class members, as Defendants' policy of compelling Employees to input time entries contrary to their actual hours worked, resulted in changed timekeeping records and corresponding payroll records reflecting that Employees worked less hours than they actually worked.

33.     Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class members, along with the appropriate applicable rates, among others requirements. Plaintiff and Class members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b). Defendants have also failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class members.

34.     From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have thus also had a consistent policy of failing to pay all wages owed to Plaintiff and other similarly situated Employees at the time of their termination of within seventy-two (72)

- 15 -

1   hours of their resignation, as required by California wage-and-hour laws.

2       35.    In light of the foregoing, Plaintiff and the Employees in the Class bring this action

3   pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.7, 510,

4   511, 512, 558, 1174, 1185, 1194, 1194.2, and 1197 and California Code of Regulations, Title 8,

5   section 11000 *et seq.*,

6       36.    Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Plaintiff

7   and the Class members seek injunctive relief, restitution, and disgorgement of all benefits

8   Defendants have enjoyed from their violations of Labor Code and the other unfair, unlawful, or

9   fraudulent practices alleged in this Complaint.

10                           **CLASS ALLEGATIONS**

11       37.    Plaintiff brings this class action on behalf of himself an all others similarly situated

12   pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class (or "the Class" or

13   "Class members") defined as follows: "All individuals employed by Defendants at any time

14   during the period of four (4) years prior to the filing of this lawsuit and ending on a date as

15   determined by the Court ("the Class Period"), and who have been employed as non-exempt,

16   hourly concessions managers in connection with the concessions operations and services

17   Defendants provide at facilities and venues within the State of California." Further, Plaintiff seeks

18   to represent the Subclasses composed of and defined as follows:

19       a.    Subclass 1. Minimum Wages Subclass. All Class members who were not

20   compensated for all hours worked for Defendants at the applicable minimum wage.

21       b.    Subclass 2. Wages and Overtime Subclass. All Class members who were not

22   compensated for all hours worked for Defendants at the required rates of pay, including for all

23   hours worked in excess of eight in a day and/or forty in a week.

24       c.    Subclass 3. Meal Period Subclass. All Class members who were subject to

25   Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-

26   free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

27       d.    Subclass 4. Rest Break Subclass. All Class members who were subject to

28   Defendants' policy and/or practice of failing to authorize and permit Employees to take

1   uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction

2   thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

3       f.      Subclass 5. Wage Statement Subclass. All Class members who, within the

4   applicable limitations period, were not provided with accurate itemized wage statements.

5       g.      Subclass 6. Unauthorized Deductions from Wages Subclass. All Class members

6   who were subject to Defendants' policy and/or practice of deducting wages earned from their pay,

7   including by requiring off the clock work.

8       h.      Subclass 7. Failure to Timely Pay Wages Twice Monthly Subclass. All Class

9   members who were subject to Defendants' policy and practice of not timely paying all wages

10  earned when they were due and payable at least twice monthly.

11      i.      Subclass 8. Termination Pay Subclass. All Class members who, within the

12  applicable limitations period, either voluntarily or involuntarily separated from their employment

13  and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

14  termination.

15      j.      Subclass 9. UCL Subclass. All Class members who are owed restitution as a result

16  of Defendants' business acts and practices, to the extent such acts and practices are found to be

17  unlawful, deceptive, and/or unfair.

18      38.     Plaintiff reserves the right under California Rule of Court 3.765 to amend or

19  modify the class description with greater particularity or to provide further division into subclasses

20  or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class

21  against Defendants, the Class Period should be adjusted accordingly.

22      39.     Defendants, as a matter of company policy, practice and procedure, and in violation

23  of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements,

24  and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged

25  in a practice whereby Defendants failed to correctly calculate compensation for the time worked

26  by the Plaintiff and the other members of the Class, even though Defendants enjoyed the benefit of

27  this work, required Employees to perform this work and permitted or suffered to permit this work.

28  Defendants have uniformly denied these Class members wages to which these employees are

- 17 -

1  entitled, and failed to provide meal periods or authorize and permit rest periods, in order to
2  unfairly cheat the competition and unlawfully profit.

3      40.    This action has been brought and may properly be maintained as a class action
4  under the provisions of Code of Civil Procedure § 382 because there is a well-defined community
5  of interest in litigation and proposed class is easily ascertainable from the employment records for
6  Plaintiff and the Class members that Defendants are required to maintain.

7      **A.**    **Numerosity**

8      41.    The potential members of the class as defined are so numerous that joinder of all
9  the member of the class is impracticable. While the precise number of class member has not been
10  determined at this time, Plaintiff is informed and believes that Defendants employ or, during the
11  time period relevant to this lawsuit employed, at least hundreds of Employees who satisfy the
12  Class definition within the State of California. Plaintiff alleges that Defendants' employment.
13  records will provide information as to the number and location of all Class members.

14      **B.**    **Commonality**

15      42.    There are questions of law and fact common to the Class that predominate over any
16  questions affecting only individual Class members. These common questions of law and fact.
17  include:

18      a.    Whether Defendants failed to pay Employees minimum wages;

19      b.    Whether Defendants failed to pay Employees wages for all hours worked;

20      c.    Whether Defendants failed to pay Employees overtime as required under Labor
21          Code § 510;

22      d.    Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable
23          IWC Wage Orders, by failing to provide Employees with requisite meal periods or
24          premium pay in lieu thereof;

25      e.    Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage
26          Orders, by failing to authorize and permit Employees to take requisite rest breaks
27          or provide premium pay in lieu thereof;

28

- 18 -
CLASS ACTION COMPLAINT

f.    Whether Defendants violated Labor Code § 226(a) by providing Employees with inaccurate wage statements;

g.    Whether Defendants violated Labor Code § 221;

h.    Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

i.    Whether Defendants' conduct was willful;

j.    Whether Defendants violated Labor Code § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class members' earned wages and work periods;

k.    Whether Defendants violated Labor Code § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular or overtime;

l.    Whether Defendants violated Labor Code § 204 by failing to pay Employees all wages earned at least twice monthly;

m.    Whether Defendants violated Business and Professions Code § 17200 *et seq.*; and

n.    Whether Employees are entitled to equitable relief pursuant to Business and Professions Code § 17200 *et seq.*

**C.**    **Typicality**

43.    The claims of the named plaintiff are typical of those of the other Employees. The Employee Class members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct and uniformly applied policies in violation of statutes, as well as regulations, that have the force and effect of law, as alleged herein. Plaintiff's claims for the off the clock work and meal and rest violations he was required to endure are typical of those of the other concessions supervisors in the Class.

**D.**    **Adequacy of Representation**

44.    Plaintiff will fairly and adequately represent and protect the interest of the Employees. Counsel who represents the Employees are experienced and competent in litigating employment class actions.

E.     **Superiority of Class Action**

45.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

46.     As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class members. Further, as the economic or other loss suffered by vast numbers of Class members may be relatively small, the expense and burden of individual actions makes it difficult for the Class members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

47.     Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment. Plaintiff contemplates the eventual issuance of notice to the proposed Class members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

48.     Defendants, as prospective and actual employers of the Employees, had a special fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In

1  addition, Defendants knew they possessed special knowledge about pay practices and policies,

2  most notably intentionally refusing to pay for all hours actually worked which should have been

3  recorded in Defendants' pay records and the consequence of the alleged arbitration agreements

4  and policies and practices on the Employees and Class as a whole.

5      49.    Plaintiff and the Employees in the Class did not discover the fact that they were

6  entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there

7  ever any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by

8  jury, right to collectively organize and oppose unlawful pay practices under California law as well

9  as obtain injunctive relief preventing such practices from continuing. As a result, the applicable

10  statutes of limitation were tolled until such time as Plaintiff and the Class members discovered

11  their claims.

12  <div align="center">**FIRST CAUSE OF ACTION**</div>

13  <div align="center">**FAILURE TO PAY MINIMUM WAGES**</div>

14  <div align="center">**(Against All Defendants)**</div>

15      50.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

16  full herein.

17      51.    Defendants failed to pay Employees minimum wages for all hours worked.

18  Defendants had a consistent policy of requiring Employees to misstate their time records to

19  conform to scheduled or compliant times rather than actual hours worked and failing to pay

20  Employees for all hours worked. Employees would work hours and not receive wages, including

21  as alleged above in connection with off the clock work, including all the time required to remain

22  on duty and under Defendants' control during breaks and due to the radio communications and

23  the production and other demands placed upon them by Defendants' management. Defendants,

24  and each of them, have also intentionally and improperly rounded, changed, adjusted and/or

25  modified Employee hours, or required Employees to do so, and imposed difficult to attain job

26  and shift scheduling requirements on Plaintiff and the Class members, which resulted in off the

27  clock work and underpayment of all wages owed to Employees over a period of time, while

28  benefiting Defendants. During the relevant time period, Defendants thus regularly failed to pay

1   minimum wages to Plaintiff and the Class members, including by requiring systematic off the

2   clock work. Defendants' uniform pattern of unlawful wage and hour practices manifested,

3   without limitation, applicable to the Class as a whole, as a result of implementing a uniform

4   policy and practice that denied accurate compensation to Plaintiff and the other members of the

5   Class as to minimum wage pay.

6        52.    In California, employees must be paid at least the then applicable state minimum

7   wage for all hours worked. (IWC Wage Order MW-2014). Additionally, pursuant to California

8   Labor Code § 204, other applicable laws and regulations, and public policy, an employer must

9   timely pay its employees for all hours worked. Defendants failed to do so.

10       53.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage"

11   states: "The minimum wage for employees fixed by the commission is the minimum wage to be

12   paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

13       54.    The applicable minimum wage rate fixed by the commission for work during the

14   relevant period is found in the Wage Orders.

15       55.    The minimum wage provisions of California Labor Code are enforceable by private

16   civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to

17   work for a lesser wage, any employee receiving less than the legal minimum wage or the legal

18   overtime compensation applicable to the employee is entitled to recover in a civil action the

19   unpaid balance of the full amount of this minimum wage or overtime compensation, including

20   interest thereon, reasonable attorney's fees and costs of suit."

21       56.    As described in California Labor Code §§ 1185 and 1194.2, any action for wages

22   incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also,

23   California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage

24   Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for

25   all hours worked. All hours must be paid at the statutory or agreed rate, or at the minimum rate in

26   the absence of a contractually agreed upon one.

27       57.    In committing these violations of the California Labor Code, Defendants

28   inaccurately recorded, or required Plaintiff and the Class members to input times that did not

1  reflect their actual hours worked, or calculated the correct time worked and consequently
2  underpaid the actual time worked by Plaintiff and other members of the Class. Defendants acted in
3  an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the
4  California Labor Code, the Industrial Welfare Commission requirements and other applicable laws
5  and regulations. As a result of these violations, Defendant also failed to timely pay all wages
6  earned in accordance with California Labor Code § 1194.

7      58.    California Labor Code § 1194.2 also provides for the following remedies: "In any
8  action under Section 1194 . . . to recover wages because of the payment of a wage less than the
9  minimum wages fixed by an order of the commission, an employee shall be entitled to recover
10 liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

11     59.    In addition to restitution for all unpaid wages, pursuant to California Labor Code §
12 1197.1, Plaintiff and Class members are entitled to recover a penalty of $100.00 for the initial
13 failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to
14 pay each employee minimum wages.

15     60.    Pursuant to California Labor Code § 1194.2, Plaintiff and Class members are
16 further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and
17 interest thereon.

18     61.    Defendants have the ability to pay minimum wages for all time worked and have
19 willfully refused to pay such wages with the intent to secure for Defendants a discount upon this
20 indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

21     62.    Wherefore, Plaintiff and the Employee Class members are entitled to recover the
22 unpaid minimum wages (including double minimum wages), liquidated damages in an amount
23 equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees
24 and costs of suit pursuant to California Labor Code § 1194(a). Plaintiff and the other members of
25 the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs,
26 as well as the assessment of any statutory penalties against Defendants, in a sum as provided by
27 the California Labor Code, including § 558, and/or other applicable statutes. To the extent
28 minimum wage compensation is determined to be owed to the Class members who have

- 23 -
CLASS ACTION COMPLAINT

1   terminated their employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202,

2   and therefore these individuals are also be entitled to waiting time penalties under California

3   Labor Code § 203, which penalties are sought herein on behalf of these Class members.

4   Defendants' failure to timely pay all wages owed also violated Labor Code § 204 and resulted in

5   violations of Labor Code § 226 because they resulted in the issuance of inaccurate wage

6   statements. Defendants' conduct as alleged herein was willful, intentional and not in good faith.

7   Further, Plaintiff and other Class members are entitled to seek and recover statutory costs.

8                                    **SECOND CAUSE OF ACTION**

9          **FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

10                                     **(Against All Defendants)**

11         63.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

12   full herein.

13         64.    California Labor Code § 1194 provides that "any employee receiving less than the

14   legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

15   recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

16   compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action

17   may be maintained directly against the employer in an employee's name without first filing a

18   claim with the Division of Labor Standards and Enforcement.

19         65.    By their conduct, as set forth herein, Defendants violated California Labor Code §

20   510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees:

21   (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a

22   workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked

23   on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours

24   worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight

25   (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not

26   paying Employees wages for all hours worked, including by requiring off the clock work as

27   addressed above and by unlawfully rounding down and under-reporting actual hours worked.

28

66.     Defendants had a consistent policy of not paying Employees wages for all hours worked. Defendants, and each of them, have intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, including Plaintiff's, or required Plaintiff and the Class members to do so; or otherwise caused them to work off the clock to avoid paying Plaintiff and the Class members all earned and owed straight time and overtime wages and other benefits, in violation of the California Labor Code, the California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt employees to work through meal periods when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties or to attend and participate in company required activities. Therefore, Employees were not properly compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a given day, and/or forty hours in a given week. Based on information and belief, Defendants did not make available to Employees a reasonable protocol for correcting time records when Employees worked overtime hours or to fix incorrect time entries or those that Defendants unlawfully under-recorded to the Employee's detriment. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated Employees in the Class to work through meal periods when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties.

67.     Defendants' failure to pay Plaintiff and the Class members the unpaid balance of regular wages owed and overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

68.     Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an

- 25 -
CLASS ACTION COMPLAINT

1 amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall

2 be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in

3 this section are in addition to any other civil or criminal penalty provided by law." Defendants

4 have violated provisions of the Labor Code regulating hours and days of work as well as the IWC

5 Wage Orders. Accordingly, Plaintiff and the Class members seek the remedies set forth in Labor

6 Code § 558.

7      69.    Defendants' failure to pay compensation in a timely fashion also constituted a

8 violation of California Labor Code § 204, which requires that all wages shall be paid

9 semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct

10 violation of that provision of the California Labor Code, Defendants have failed to pay all wages

11 and overtime compensation earned by Employees. Each such failure to make a timely payment of

12 compensation to Employees constitutes a separate violation of California Labor Code § 204.

13      70.    Employees have been damaged by these violations of California Labor Code §§

14 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

15      71.    Consequently, pursuant to the California Labor Code, including Labor Code §§

16 204, 510, 558, and 1194 (and the relevant orders of the Industrial Welfare Commission),

17 Defendants are liable to Employees for the full amount of all their unpaid wages and overtime

18 compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the

19 assessment of any statutory penalties against Defendants, and each of them, and any additional

20 sums as provided by the Labor Code and/or other statutes.

21          **THIRD CAUSE OF ACTION**

22      **MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

23          **(Against All Defendants)**

24      72.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

25 full herein.

26      73.    Employees regularly worked shifts greater than five (5) hours and in some

27 instances, greater than ten (10) hours. Pursuant to Labor Code § 512 an employer may not employ

28 someone for a shift of more than five (5) hours without providing him or her with a meal period of

1  not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or
2  her with a second meal period of not less than thirty (30) minutes.

3      74.    Defendants failed to provide Employees with meal periods as required under the
4  Labor Code. Employees were often required to work or to otherwise remain under Defendants'
5  control during meal periods, including by responding to radio communications or other job duties
6  or customer or concession worker demands, or Defendants provided them after Employees worked
7  beyond the fifth hour of their shifts or Employees otherwise had them shortened and interrupted
8  by work demands and requirements and radio communications requiring Employees to remain
9  under Defendants' control. Furthermore, upon information and belief, on the occasions when
10 Employees worked more than ten (10) hours in a given shift, they did so without receiving a
11 second uninterrupted thirty (30) minute meal period as required by law.

12     75.    Defendants thus failed to provide Plaintiff and the Class members with meal
13 periods as required by the Labor Code, including by not providing them with the opportunity to
14 take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them
15 to perform work during breaks.

16     76.    Moreover, Defendants failed to compensate Employees for each meal period not
17 provided or inadequately provided, as required under Labor Code § 226.7 and paragraph 11 of the
18 applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a
19 meal period in accordance with this section, the employer shall pay the employee one (1) hour of
20 pay at the employee's regular rate of compensation for each workday that the meal period is not
21 provided. Defendants failed to compensate Employees for each meal period not provided or
22 inadequately provided, as required under Labor Code § 226.7.

23     77.    Therefore, pursuant to Labor Code § 226.7, Employees in the Class are entitled to
24 damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each
25 meal period not provided or deficiently provided, a sum to be proven at trial, as well as the
26 assessment of any statutory penalties against the Defendants, and each of them, in a sum as
27 provided by the Labor Code and other statutes.

28

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

78.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

79.     Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours.

80.     Employees consistently worked consecutive four (4) hour shifts and were generally scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and permit them to take rest periods. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, and Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift. Employees were often required to work or to otherwise remain under Defendants' control during rest periods, including by being required to respond to radio communications from management and regarding other work requirements, and had breaks provided untimely as a result of the above described off the clock work. Plaintiff and the Class members were also not permitted to leave their work premises during rest breaks.

81.     Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

82.     Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

83.     Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the Labor Code. Moreover, Defendants did not compensate Employees

- 28 -
CLASS ACTION COMPLAINT

1 │ with an additional hour of pay at each Employee's effective hourly rate for each day that

2 │ Defendants failed to provide them with adequate rest breaks, as required under Labor Code §

3 │ 226.7.

4 │     84.     Therefore, pursuant to Labor Code § 226.7 and paragraph 12 of the applicable IWC

5 │ Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at

6 │ their effective hourly rates of pay for each day worked without the required rest breaks, a sum to

7 │ be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each

8 │ of them, in a sum as provided by the Labor Code and/or other statutes.

9 │ <div align="center">**FIFTH CAUSE OF ACTION**</div>

10 │ <div align="center">**VIOLATION OF LABOR CODE § 226(a)**</div>

11 │ <div align="center">**(Against All Defendants)**</div>

12 │     85.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

13 │ full herein.

14 │     86.     California Labor Code § 226(a) requires an employer to furnish each of his or her

15 │ employees with an accurate, itemized statement in writing showing the gross and net earnings,

16 │ total hours worked, and the corresponding number of hours worked at each hourly rate; these

17 │ statements must be appended to the detachable part of the check, draft, voucher, or whatever else

18 │ serves to pay the employee's wages; or, if wages are paid by cash or personal check, these

19 │ statements may be given to the employee separately from the payment of wages; in either case the

20 │ employer must give the employee these statements twice a month or each time wages are paid.

21 │     87.     Defendants failed to provide Plaintiff and the similarly situated concessions

22 │ supervisor Employees with accurate itemized wage statements in writing, as required by the Labor

23 │ Code. Specifically, the wage statements given to Employees by Defendants failed to accurately

24 │ account for wages, overtime, and premium pay for deficient meal periods and rest breaks, and

25 │ rounded timekeeping entries to the detriment of the Class members, all of which Defendants knew

26 │ or reasonably should have known were owed to Employees, as alleged above.

27 │     88.     Throughout the liability period, Defendants intentionally failed to furnish to

28 │ Plaintiff and the Class members, upon each payment of wages, itemized statements accurately

1 showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-
2 rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net
3 wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of
4 the employee and only the last four digits of his or her social security number or an employee
5 identification number other than a social security number, (8) the name and address of the legal
6 entity that is the employer and (9) all applicable hourly rates in effect during the pay period and
7 the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor
8 Code § 226, amongst other statutory requirements. Defendants knowingly and intentionally failed
9 to provide Plaintiff and the Class members with such timely and accurate wage and hour
10 statements.

11        89.     Plaintiff and the Class members suffered injury as a result of Defendants' knowing
12 and intentional failure to provide them with the wage and hour statements as required by law and
13 are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the
14 Defendants have failed to provide a wage statement, failed to provide accurate and complete.
15 information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive,
16 and the Plaintiff and Class members cannot promptly and easily determine from the wage
17 statement alone one or more of the following: (i) The amount of the gross wages or net wages
18 paid to the employee during the pay period or any of the other information required to be
19 provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of
20 subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net
21 wages paid to the employee during the pay period, (iii) The name and address of the employer
22 and, (iv) The name of the employee and only the last four digits of his or her social security
23 number or an employee identification number other than a social security number. For purposes
24 of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an
25 objective standard] would be able to readily ascertain the information without reference to other
26 documents or information.

27        90.     Therefore, as a direct and proximate cause of Defendants' violation of Labor Code
28 § 226(a), Employees suffered injuries, including among other things confusion over whether they

1 | received all wages owed them, the difficulty and expense involved in reconstructing pay records,

2 | and forcing them to make mathematical computations to analyze whether the wages paid in fact

3 | compensated them correctly for all hours worked.

4 |       91.     Pursuant to <u>Labor Code</u> §§ 226(a) and 226(e), Employees are entitled to recover

5 | the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

6 | occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

7 | exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an

8 | award of costs and reasonable attorneys' fees.

9 | <center>**SIXTH CAUSE OF ACTION**</center>

10 | <center>**VIOLATION OF <u>LABOR CODE</u> § 221**</center>

11 | <center>**(Against All Defendants)**</center>

12 |       92.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

13 | full herein.

14 |       93.     <u>Labor Code</u> § 221 provides, "It shall be unlawful for any employer to collect or

15 | receive from an employee any part of wages theretofore paid by said employer to said employee."

16 | Additionally, pursuant to California <u>Labor Code</u> § 204, other applicable laws and regulations, and

17 | public policy, an employer must timely pay its employees for all hours worked. Defendants failed

18 | to do so.

19 |       94.     Defendants unlawfully received and/or collected wages from the Employees in the

20 | Class by implementing a policy understating the hours worked by Employees, by requiring off the

21 | clock work, and by automatically deducting time for meal periods when they were not lawfully

22 | provided or requiring Plaintiff and the Class members to respond to radio communications and

23 | work requirements while off-duty, as alleged above.

24 |       95.     As a direct and proximate cause of the unauthorized deductions, Employees have

25 | been damaged, in an amount to be determined at trial.

26 | ///

27 | ///

28 | ///

<center>- 31 -</center>
<center>CLASS ACTION COMPLAINT</center>

# SEVENTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 204

### (Against All Defendants)

96.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

97.     Labor Code § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." As detailed above, Defendants maintained a consistently applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. Defendants similarly failed to pay all wages earned by not more than seven calendar days following the close of the payroll period.

98.     All wages due and owing to Plaintiff and the Class members, including as required under Labor Code § 510, were therefore not timely paid by Defendants. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

99.     Defendants violated Labor Code § 204 by systematically refusing to timely pay wages due under the Labor Code, as addressed above.

100.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent has been deprived of wages in amounts to be determined at trial, and they are entitled to

1  recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant

2  to Labor Code § 210, 218.5 and 1194.

3  **EIGHTH CAUSE OF ACTION**

4  **VIOLATION OF LABOR CODE § 203**

5  **(Against All Defendants)**

6      101.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

7  full herein.

8      102.    Plaintiff and numerous Class members are no longer employed by Defendants; they

9  either quit Defendants' employ or were fired therefrom.

10     103.    Defendants failed to pay these Employees all wages due and certain at the time of

11  termination or within seventy-two (72) hours of resignation.

12     104.    The wages withheld from these Employees by Defendants remained due and owing

13  for more than thirty (30) days from the date of separation from employment.

14     105.    Defendants failed to pay Plaintiff and the Class members without abatement, all

15  wages as defined by applicable California law. Among other things, these Employees were not

16  paid all regular and overtime wages, including by Defendants failing to pay for all hours worked

17  or requiring off the clock work or by unlawfully under-recording time entries to the detriment of

18  Employees, and Defendants failed to pay premium wages owed for unprovided meal periods and

19  rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the

20  required time was willful within the meaning of Labor Code § 203.

21     106.    Defendants' failure to pay wages, as alleged, entitles Plaintiff and these former

22  Employee Class members to penalties under Labor Code § 203, which provides that an

23  employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

24  **NINTH CAUSE OF ACTION**

25  **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

26  **(Against All Defendants)**

27     107.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

28  full herein.

- 33 -
CLASS ACTION COMPLAINT

108.    Plaintiff, on behalf of himself, the Employees in the Class, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

109.    Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

110.    Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiff and Class members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code §§ 17200, *et seq*., and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

111.    Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

112.    Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiff,

- 34 -
CLASS ACTION COMPLAINT

1   and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges
2   guaranteed to all employees under the law.

3       113.    Defendants' conduct, as alleged above, constitutes unfair competition in violation
4   of the Business & Professions Code § 17200 *et seq.*

5       114.  Defendants, by engaging in the conduct herein alleged, by failing to pay wages and
6   overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of
7   reasonable care should have known that their conduct was unlawful; therefore their conduct
8   violates the Business & Professions Code § 17200 *et seq.*

9       115.    By the conduct alleged herein, Defendants have engaged and continue to engage in
10  a business practice which violates California and federal law, including but not limited to, the
11  applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor
12  Code including Sections 204, 226, 226.7, 510, 512, 1194, 1197, and 1198 for which this Court
13  should issue declaratory and other equitable relief pursuant to California Business & Professions
14  Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair
15  competition, including restitution of wages wrongfully withheld.

16      116.    As a proximate result of the above-mentioned acts of Defendants, Employees have
17  been damaged, in a sum to be proven at trial.

18      117.    Unless restrained by this Court Defendants will continue to engage in such
19  unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court
20  should make such orders or judgments, including the appointment of a receiver, as may be
21  necessary to prevent the use by Defendants or their agents or employees of any unlawful or
22  deceptive practice prohibited by the Business & Professions Code, including but not limited to the
23  disgorgement of such profits as may be necessary to restore Employees to the money Defendants
24  have unlawfully failed to pay.

25                          **RELIEF REQUESTED**
26  WHEREFORE, Plaintiff prays for the following relief:

27      1.      For an order certifying this action as a class action;

28

                            - 35 -
                    CLASS ACTION COMPLAINT

1    2.    For compensatory damages in the amount of the unpaid minimum wages for work

2 performed by Employees and unpaid overtime compensation from at least four (4) years prior to

3 the filing of this action, as may be proven;

4    3.    For liquidated damages in the amount equal to the unpaid minimum wage and

5 interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

6    4.    For compensatory damages in the amount of all unpaid wages, including overtime

7 and double-time pay, as may be proven;

8    5.    For compensatory damages in the amount of the hourly wage made by Employees

9 for each missed or deficient meal period where no premium pay was paid therefor from four (4)

10 years prior to the filing of this action, as may be proven;

11    6.    For compensatory damages in the amount of the hourly wage made by Employees

12 for each day requisite rest breaks were not provided or were deficiently provided where no

13 premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may

14 be proven;

15    7.    For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

16    8.    For restitution and/or damages and penalties for Defendants' failure to pay all

17 wages due twice monthly under Labor Code § 204, as may be proven;

18    9.    For restitution and/or damages for all amounts unlawfully withheld from the wages

19 for all class members in violation of Labor Code § 221, as may be proven;

20    10.    For penalties pursuant to Labor Code § 203 for all Employees who quit or were

21 fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

22    11.    For restitution for unfair competition pursuant to Business & Professions Code

23 § 17200 *et seq.*, including disgorgement or profits, as may be proven;

24    12.    For an order enjoining Defendants and their agents, servants, and employees, and

25 all persons acting under, in concert with, or for them, from acting in derogation of any rights or

26 duties adumbrated in this Complaint;

27    13.    For other wages and penalties under the Labor Code as may be proven;

28    14.    For all general, special, and incidental damages as may be proven;

- 36 -
CLASS ACTION COMPLAINT

15.    For an award of pre-judgment and post-judgment interest;

16.    For an award providing for the payment of the costs of this suit;

17.    For an award of attorneys' fees; and

18.    For such other and further relief as this Court may deem proper and just.

DATED: December 4, 2018                          DAVID YEREMIAN & ASSOCIATES, INC.

By _____
David Yeremian
Alvin B. Lindsay
Attorneys for Plaintiff ROBERT
BUCHANNAN and all others similarly
situated

- 37 -
CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: December 4, 2018                    DAVID YEREMIAN & ASSOCIATES, INC.

By _____
David Yeremian
Alvin B. Lindsay
Attorneys for Plaintiff ROBERT
BUCHANAN and all others similarly situated

- 38 -
CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>—Alvin B. Lindsay (220236)<br>David Yeremian & Associates Inc.<br>535 N. Brand Blvd., Suite 705<br>Glendale, CA 91203<br>TELEPHONE NO.: (818) 230-8380    FAX NO.: (818) 230-0308<br>ATTORNEY FOR *(Name):* Plaintiff, Robert Buchanan | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 12/10/2018 2:51 PM
Reviewed By: Yuet Lai
Case #18CV339719
Envelope: 2260699**

CASE NAME:
Buchanan v. Aramark Campus, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 18CV339719 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | ☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21) |
| **Employment**<br>☐ Wrongful termination (36)<br>☑ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Other petition *(not specified above)* (43) |

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☑ is    ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 10, 2018
Alvin B. Lindsay                                                    ▶ [signature]
_____                          _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**