1  DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
2  david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
3  alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  UNITED EMPLOYEES LAW GROUP, PC
Walter Haines (SBN 71075)
7  whaines@uelg.com
5500 Bolsa Ave., Suite 201
8  Huntington Beach, CA 92649
Telephone: (310) 652-2242
9
Attorneys for Plaintiff ROBERT BUCHANNAN,
10  on behalf of himself and others similarly situated

11  **UNITED STATES DISTRICT COURT**

12  **FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

| | |
|---|---|
| 13  ROBERT BUCHANAN, an individual, on behalf of himself and others similarly situated, | Case No. 5:19-cv-00384-VKD |
| 14 | <u>CLASS ACTION</u> |
| 15  Plaintiff, | <u>Assigned for All Purposes To:</u> Hon. Virginia K. DeMarchi |
| 16  vs. | Courtroom 2, 5th Floor, San Jose |
| 17  ARAMARK CAMPUS, LLC, a Delaware limited liability company; ARAMARK | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |

17  ARAMARK CAMPUS, LLC, a Delaware
limited liability company; ARAMARK
18  SPORTS, LLC, a Delaware limited liability
company; and DOES 1 through 10, inclusive,
19
Defendants.
20

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1.  Failure to Pay Minimum Wages;
2.  Failure to Pay Wages and Overtime Under Labor Code § 510;
3.  Meal Period Liability Under Labor Code § 226.7;
4.  Rest-Break Liability Under Labor Code § 226.7;
5.  Violation of Labor Code §§ 226(a)
6.  Violation of Labor Code § 221;
7.  Violation of Labor Code § 204;
8.  Violation of Labor Code § 203;
9.  Violation of Business & Professions Code § 17200 *et seq.*; and
10. Penalties Pursuant to Labor Code § 2698, *et seq.*

**DEMAND FOR JURY TRIAL**

Complaint Filed:  December 10, 2018
Removed: January 22, 2019

- 1 -
FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff ROBERT BUCHANAN, (hereinafter "Plaintiff") on behalf of himself and all other similarly situated concessions supervisors (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and all current and former Employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly concessions supervisors by Defendants ARAMARK CAMPUS, LLC, a Delaware limited liability company; ARAMARK SPORTS, LLC, a Delaware limited liability company; and DOES 1 through 10 (all defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code, and seeks redress for these violations.

2. Plaintiff is a resident of California and Santa Clara County, and during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly concessions worker and concessions supervisor within the State of California at Defendants' facilities and in connection with Defendants' operations at the SAP Center in San Jose, California and within the County of Santa Clara.

3. Plaintiff and the other similarly situated concession supervisor Employees of Defendants worked in the food and support services sector and in connection with Defendants' concessions operations at various venues and sports and entertainment facilities throughout California at Defendants' behest without being paid all wages due. More specifically, Defendants employed Plaintiff and the other similarly situated hourly, non-exempt concessions supervisors with assigned responsibilities for managing the services provided by concessions staff workers, including cooks and cashiers, at the multiple concession stands assigned to them within their assigned facilities. Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3) endured similar violations at the hands of Defendants as the other Employee Class

1   members who served in similar and related positions.

2   4.   Defendants required Plaintiff and the Employees in the Class to work off the clock

3   and failed to record accurate time worked by these Employees, failed to pay them at the

4   appropriate rates for all hours worked, and provided Plaintiff and the Class members with

5   inaccurate wage statements that prevented them from learning of these unlawful pay practices.

6   Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as

7   Employees were required to remain under Defendant's control and were not provided with the

8   opportunity to take full uninterrupted and duty-free rest periods and meal breaks, as required by

9   the Labor Code and the applicable paragraphs of the IWC Wage Orders.

10   5.   Upon information and belief, Defendants ARAMARK CAMPUS, LLC and

11   ARAMARK SPORTS, LLC are subsidiaries of Aramark and Aramark Services, Inc. (collectively,

12   "Aramark"), which are Delaware corporations who maintain executive offices in Philadelphia,

13   Pennsylvania. Aramark is a leading provider of food services and facilities through the entities in

14   its Food and Support Services, North America segment. This segment serves different client

15   sectors throughout the United States and in California, including serving Aramark's clients in the

16   Sports, Leisure & Corrections sector.

17   6.   Plaintiff was employed by Defendant ARAMARK CAMPUS, LLC, as it is the

18   entity listed as the employer on the wage statements provided by Defendants to Plaintiff during the

19   relevant time period. ARAMARK CAMPUS, LLC is a Delaware limited liability company which

20   lists with the California Secretary of State its Principal Office in Philadelphia, Pennsylvania, and

21   its type of business as "Managed Services." ARAMARK CAMPUS, LLC does not list a

22   California office with the Secretary of State.

23   7.   Upon information and belief, Plaintiff and the similarly situated Class members

24   were also jointly employed by ARAMARK SPORTS, LLC, who along with ARAMARK

25   CAMPUS, LLC set the hours and working conditions, and issued the relevant policies, which

26   governed the employment of Plaintiff and the Class members throughout California during the

27   relevant time periods. Additionally, in the Notice provided to Plaintiff under Labor Code § 2810.5

28   in Plaintiff's personnel file, ARAMARK SPORTS, LLC is listed as Plaintiff's employer.

FIRST AMENDED CLASS ACTION COMPLAINT

1   ARAMARK SPORTS, LLC is a Delaware limited liability company which lists with the

2   California Secretary of State its Principal Office in Philadelphia, Pennsylvania and its type of

3   business as "Labor Management." ARAMARK SPORTS, LLC does not list a California office

4   with the Secretary of State.

5          8.     Upon information and belief, Defendants ARAMARK CAMPUS, LLC and

6   ARAMARK SPORTS, LLC operate in the Aramark Sports, Leisure & Corrections and Education

7   sectors to administer concessions, banquet and catering services, retail services and merchandise

8   sales, recreational and lodging services and facility management services at sports, entertainment

9   and recreational facilities and in convention and civic centers throughout the United States and

10  California, including at the SAP Center in San Jose, California and in Santa Clara County where

11  Plaintiff was employed as a concessions supervisor. Upon information and belief, Defendants

12  acting in concert, contracted food and retail services for customers and guests at the SAP Center in

13  San Jose, California and in Santa Clara County and at other similar venues and facilities

14  throughout California, where concessions operations and services were conducted and provided by

15  Defendants.

16         9.     On **January 22, 2019**, Defendant removed this action to this Court pursuant to 28

17  U.S.C. §§ 1332(a), 1441, and 1446, alleging that the Court has original subject matter jurisdiction

18  of the claims of Plaintiff under 28 U.S.C. § 1332(a) because the amount in controversy exceeds

19  $75,000 and there is complete diversity of citizenship between the parties. This Action is therefore

20  presently brought as a Class Action on behalf of similarly situated Employees of Defendants

21  pursuant to California Code of Civil Procedure § 382 and Rule 23 of the Federal Rules of Civil

22  Procedure. Venue as to Defendants is proper in this judicial district pursuant to 28 U.S.C. §§

23  84(c)(1), 1391(c), and 1446. Upon information and belief, the obligations and liabilities giving rise

24  to this lawsuit occurred in part in the County of Santa Clara and Defendants maintain facilities and

25  provide concessions services at facilities in San Jose, California, thus employing Plaintiff and

26  other Class members in Santa Clara County and in this judicial district, as well as throughout

27  California.

28

FIRST AMENDED CLASS ACTION COMPLAINT

10.     The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 10, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 10 when their identities become known.

11.     Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, created and implemented the policies and practices that governed the employment of Plaintiff and the Class members, or suffered or permitted Plaintiff and the other concessions supervisor Employees to work, or engaged, thereby creating a common law employment relationship, with the Employee Class members. Therefore, Defendants, and each of them, employed or jointly employed the Employee Class members.

## FACTUAL BACKGROUND

12.     The Employees who comprise the Class, including Plaintiff, are non-exempt employees pursuant to the applicable Wage Order of the Industrial Welfare Commission ("IWC"). Defendants hire Employees who work in non-exempt positions at the direction of Defendants in the State of California. Plaintiff and the Class members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing, including by off the clock work, made unlawful deductions from their pay, failed to provide meal and rest breaks, and failed to furnish accurate wage

statements, all in violation of various provisions of the California <u>Labor Code</u> and applicable paragraphs of the IWC Wage Orders.

13.     During the course of Plaintiff and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed (resulting in "off the clock" work) and for all overtime hours worked, and were forced to work off-the-clock in part due to demanding job requirements and the the policy and practice of Defendants' managers contacting them on radios they were required to carry at all times, including while on breaks. Plaintiff was employed beginning in 2014 by Defendants and during the relevant time period as a concessions worker, including a stand attendant, and in Defendants' food and beverage services and support departments at Defendants' facilities operated in the SAP Center in San Jose, California. He was promoted to Concessions Supervisor in February of 2017, and worked in that position through his separation from Defendants' employment in January of 2018. Upon information and belief, Defendants employ other non-exempt, hourly Concessions Supervisors at the SAP Center and at the various other venues throughout California where Defendants operate and employ similarly situated concessions workers and supervisors in support of their California network of food services operations. Upon information and belief, Defendants' employment of the concessions stand workers is governed under a collective bargaining agreement, but there are no such collective bargaining agreements governing the employment of Defendants' concessions supervisors, such as Plaintiff and the putative Class members.

14.     Plaintiff and the other similarly situated hourly, non-exempt concessions supervisors were responsible for managing the services being provided by concessions staff workers, including cooks and cashiers, at the multiple concession stands assigned to them within their assigned facilities. Plaintiff was generally scheduled to work four or five days per week, depending on the various events at his assigned location, and generally worked 9 to 9.5 hour shifts from 1:30 p.m. to 10:30 or 11:00 p.m. Plaintiff would clock in and out for work shifts, and on some occasions for meal periods, by swiping his ID badge in Defendants' timekeeping system. Plaintiff and the other similarly situated hourly, non-exempt concessions supervisors were responsible for managing the services being provided by concessions staff workers, including

1   cooks and cashiers, at the multiple concession stands assigned to them within their assigned

2   facilities. This required the supervision of all aspects of the operations, and even sometimes 2-3

3   hours of preparing concessions or serving as a cashier and assisting concession workers as

4   required.

5         15.     Given the multiple stands assigned to each concessions supervisor and the

6   different requirements that arose during facility events, Plaintiff and the other similarly situated

7   concessions supervisors were required to carry a company issued radio at all times to respond to

8   question and work assignments from managers, who regularly and consistently contacted the

9   concessions supervisors during events and while they were on duty and supervising the

10  operations of the assigned concessions stands. Managers made these contacts without regard to

11  whether an employee was on a break, and Plaintiff and the Class members were expected to

12  respond to inquiries and instructions from managers and customers or other concessions workers

13  whether they were on a break or not. Plaintiff and the Class members were either not provided

14  with meal periods or were required to input their times to reflect that they received meal breaks or

15  worked for lesser hours than in actuality given Defendants' policy of requiring that timekeeping

16  records conform generally to scheduled shift times, or to reflect timely meal periods, rather than

17  actual hours worked or when meals were actually provided, if at all.

18        16.     Defendants also required Plaintiff and the Class members to work hours off the

19  clock for which they were not compensated, including being contacted by phone or e-mail, or by

20  radios, by managers during off-duty time and by being required to work off the clock before they

21  clocked in for a work shift or to complete work related requirements after they clocked out for the

22  end of their shifts, along with the off the clock work addressed above during interrupted or

23  otherwise on-duty meal and rest periods. For example, Plaintiff was compelled to ensure he

24  limited overtime hours and regular hours worked and was required to remain under Defendants'

25  control after clocking out to perform such required job duties as inspecting bathrooms or helping

26  cashiers close out. Defendants also followed a uniform, continuous and consistent policy of

27  clocking out Employees for meal periods they were in actuality working through, which in

28  practice results in truncation and time-shaving and creating inaccurate records of hours worked in

1    order to reduce the premium wages owed to Plaintiff and the similarly situated Class members.

2    Plaintiff and the Class members would therefore generally work at least 15-20 minutes off the

3    clock before and after timekeeping entries and during the hours they were compelled to work by

4    remaining under Defendants' control during meal and rest breaks.

5           17.    Defendants did not record actual meal period start times and end times for Plaintiff

6    and the Class members, or else inaccurately recorded them, and required concessions supervisors

7    to remain under Defendants' control during breaks to respond to radio calls and other

8    management directives and customer and concession worker requirements. Defendants have

9    therefore also either failed to maintain timekeeping records for Plaintiff that would permit

10   Plaintiff to discover the nature and extent of Defendants' unlawful rounding and the actual hours

11   Plaintiff worked, or has otherwise declined to produce them to Plaintiff in response to a timely

12   and lawful request.

13          18.    As a result of the above described unlawful requirements to work off the clock, the

14   failure to accurately record all hours worked and pay wages at the correct rates, and the other

15   wage violations they endured at Defendants' hands, Plaintiff and the Class members were not

16   properly paid all wages earned and all wages owed to them by Defendants, including when

17   working more than eight (8) hours in any given day and/or more than forty (40) hours in any

18   given week, and including double-time wages for all hours over twelve (12) worked on any given

19   work shift, in violation of Labor Code § 510 and paragraph 3(A) of the applicable IWC Wage

20   Orders. As a result of Defendants' unlawful policies and practices, Plaintiff and Class members

21   incurred overtime hours worked for which they were not adequately and completely

22   compensated, in addition to the hours they were required to work off the clock. To the extent

23   applicable, Defendants also failed to pay Plaintiff and the Class members at an overtime rate of

24   1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week

25   and overtime payments at the rate of two (2) times the regular rate for hours worked over eight

26   (8) on the seventh consecutive work day, as required under the Labor Code and applicable IWC

27   Wage Orders.

28

FIRST AMENDED CLASS ACTION COMPLAINT

19.     Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wages for all time worked, as required by California law. Also, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders, including paragraph 3(A).

20.     Additionally, Defendants failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to Plaintiff and the other Class members, as required by paragraphs 11 and 12 of the applicable IWC Wage Order and the Labor Code. Defendants did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other Class members. Plaintiff and other Class members were required to perform work as ordered by Defendants for more than five (5) hours during a shift, but were often required to do so without receiving a meal break. Employees were required to work through their entire shift, continuously, and were not afforded the opportunity to take meal periods or rest breaks, or at least off-duty ones. More specifically, Plaintiff and the Employees in the Class were required to carry and monitor their work radios, and remain both on call and on duty continuously throughout their entire shift, including during any alleged break times. Defendants did not schedule or otherwise provide meal periods or authorize and permit rest breaks, and work demands also consistently prevented Plaintiff and the Class members from taking meal periods or rest breaks anyway, or at least ones that were off-duty and uninterrupted and provided timely and for their full duration. Additionally, as addressed above, Defendants followed a practice of under-reporting or rounding down hours worked in a manner that would impact when Employees were to receive meal periods and rest breaks, leading to further violations.

21.     Plaintiff was generally scheduled to work four days per week, depending on the various events at his assigned location, and generally worked 9 to 9.5 hour shifts from 1:30 p.m. to 10:30 or 11:00 p.m. Plaintiff would clock in and out for work shifts and meal periods by swiping his ID badge in Defendants' timekeeping system. Plaintiff and the other similarly situated hourly, non-exempt concessions supervisors were responsible for managing the services being provided by concessions staff workers, including cooks and cashiers, at the multiple concession stands assigned to them within their assigned facilities. This required the supervision of all aspects of the operations, and even sometimes 2-3 hours of preparing concessions or serving as a cashier and assisting concession workers as required. Given the multiple stands assigned to each concessions supervisor and the different requirements that arose during facility events, Plaintiff and the other similarly situated concessions supervisors were required to carry a company issued radio at all times to respond to questions and work assignments from managers, who regularly and consistently contacted the concessions supervisors during events and while they were on duty and supervising the operations of the assigned concessions stands. Managers made these contacts without regard to whether an employee was on a break, and Plaintiff and the class members were expected to respond to inquiries and instructions from managers and customers whether they were on a break or not.

22.     Plaintiff and the Class members were often also required to input their times to reflect that they received meal breaks or worked for lesser hours than in actuality given Defendants' policy of requiring that timekeeping records conform generally to scheduled shift times, or to reflect timely meal periods, rather than actual hours worked or when meals were actually provided, if at all. Further, due to the job duties and work requirements and demands placed upon Plaintiff and the other similarly situated concessions supervisors, including the requirement to constantly monitor their radios to respond to management and customer demands and inquiries, they were required to work through meal and rest periods or to receive them untimely, if at all. Plaintiff estimates that he was not provided with the opportunity to take a meal periods at all on at least two (2) shifts out of five (5) in a work week, and that any meal periods he was provided were well after five (5) hours into a work shift or were otherwise interrupted or

1  shortened and were unauthorized on-duty meal periods during which Plaintiff and the Class

2  members were expected to remain under Defendants' control.

3        23.    Despite the fact that meal periods were generally either not provided or were

4  unlawfully provided as untimely or on-duty, Defendants followed a uniform policy and practice of

5  unlawfully deducting hours worked for compliant meal periods and of managers changing

6  timekeeping entries to reflect meal period compliance or otherwise compelling concessions

7  supervisors to input compliant entries while returning to perform work duties or respond to calls

8  from managers or to respond to customer demands and inquiries from their assigned concession

9  workers. Upon information and belief, Defendants' uniform policy and practice applied to Plaintiff

10  and the other concession supervisors compelled Plaintiff and the Class members to input

11  timekeeping entries for work shifts and meal periods that understated their total hours worked

12  during their shifts. In the event a timekeeping entry for a concessions supervisor did not reflect

13  compliant meal periods, Defendants' policies and practices also called for Defendants' managers

14  to change actual timekeeping punch times inputted by Plaintiff and the Class members to reflect

15  timely and otherwise compliant meal periods when in reality either none were provided or they

16  were provided untimely or were interrupted or were shortened or otherwise occurred on-duty.

17  Defendants thus followed a uniform, continuous and consistent policy of clocking out Employees

18  for meal periods they were in actuality working through, which in practice resulted in truncation

19  and time-shaving and creating inaccurate records of hours worked in order to reduce the premium

20  wages owed to Plaintiff and the similarly situated Class members.

21        24.    On the occasions when timekeeping records reflected no out and in time punches

22  for meal periods and no meal period was otherwise recorded, Defendants would not pay one hour

23  or regular rate wages for each such occasion. To the extent Plaintiff and the Class members

24  worked shifts of greater than ten (10) hours worked, they were not provided with second timely

25  and duty-free meal periods. To the extent Defendants rely upon any alleged second meal period

26  waivers, such alleged waivers are, upon information and belief, either unenforceable or were

27  revoked or otherwise not entered into with all the Class members, and they are inapplicable to any

28  shifts over twelve (12) hours.

25.     On the occasions when Employees in the Class worked over 10 hours in a shift, Defendants also failed to provide them with a second meal period. As a result, Defendants' failure to provide the Plaintiff and the Class members with all legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is and will be evidenced by Defendants' business records, or lack thereof. Defendants have either failed to maintain required records of when meal periods were actually provided or failed to produce them in response to Plaintiff's timely and lawful requests. Defendants' management also instructed Employees to input time entries to reflect conformance rather than actual times worked. Defendants also failed to pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period or rest break that Defendants failed to provide or deficiently provided.

26.     Therefore, for at least four years prior to the filing of this action and through to the present, Plaintiff and the Class members were unable to take off-duty breaks or were otherwise not provided with the opportunity to take required breaks due to Defendants' policies and practices. On the occasions when Plaintiff and the Class members were provided with a meal period, it was often untimely or interrupted, or was impermissibly shortened, and Employees were not provided with one (1) hour's wages in lieu thereof. Meal period violations thus occurred in one or more of the following manners:

(a)     Class members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(b)     Class members were not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;

(c)     Class members were required to work through at least part of their daily meal period(s);

(d)     Meal periods were provided after five (5) hours of continuous work during a shift; and

FIRST AMENDED CLASS ACTION COMPLAINT

(e)     Class members were restricted in their ability to take a full thirty-minute meal period.

27.     Similar violations resulted from Defendants' failure to authorize and permit Plaintiff and the Class members to take duty-free, net ten (10) minute rest breaks for ever four hours of shift work, or major fraction thereof. More specifically, the job requirements and duties required of the concessions supervisors, and the demands from management, customers, and their assigned concessions workers, manifested a failure to authorize and permit Class members to take all their required rest breaks. Plaintiff and the other similarly situated concessions supervisors were either not permitted the opportunity to take a rest break, or were required to remain under Defendants' control to respond to radio communications and other instructions from management and job and customer demands. Defendants also failed to authorize and permit employees to leave the premises during rest breaks, thus further evidencing Defendants' policy and practice of requiring Plaintiff and the Class members to remain under their control during required off-duty rest break times.

28.     Defendants' policies and practices thus systematically deny and denied Plaintiff and the Class members full, duty-free ten-minute rest periods and thirty-minute, duty-free meal periods. The California Supreme Court has instructed that the rest period requirement obligates employers to permit-and authorizes employees to take-off-duty rest periods. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. Plaintiff and the Class members were and are under Defendants' control when they are working through rest breaks, including by responding to radio communications, and an employer cannot impose any restraints on employees not inherent in the rest period requirement itself. Defendants have provided either impermissibly shortened or untimely meal and rest breaks to Plaintiff and the Class members. Additionally, Defendants' enforced a uniform and unlawful policy that prevented Plaintiff and the Class members from leaving the facility premises during their rest breaks.

29.     Plaintiff and the Defendants' Employees in the Class were also not authorized and permitted to take lawful rest periods, were systematically required by Defendants to work through

or during breaks, and were not provided with one (1) hour's wages in lieu thereof. They were required to remain on-duty during breaks or portions of their breaks, thus making them either untimely or shortened and on-duty, and they were also prevented from leaving the premises during rest breaks under Defendants' policies. Rest period violations therefore arose in one or more of the following manners:

(a)     Class members were required to work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(b)     Class members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof; and

(c)     Class members were required to remain on-duty during rest periods or otherwise had their rest periods interrupted by work demands.

30.     From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have also consistently violated Labor Code § 221 by unlawfully collecting or deducting the Employees' earned wages, including by the above described off the clock work and on-duty work while on unpaid meal breaks. By not compensating Employees for all hours worked, Defendant unlawfully deducted wages earned by and owed to Plaintiff and the Class members, in violation of Labor Code § 221.

31.     As a result of these illegal policies and practices, Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class members he seeks to represent:

a.     failing to pay all wages owed to Class members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203;

b.     failing to pay all wages owed to the Class members twice monthly in accordance with the requirements of Labor Code § 204;

c. failing to pay Class members all wages owed, including all meal and rest period premium wages;

d. failing to maintain accurate records of Class members' earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders; and

e. failing to produce timekeeping records in response to Plaintiff's timely and lawful request to receive them under these authorities.

32. From at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have also consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws, including by the above-described requirement of off the clock work and failure to pay premium wages for unprovided or otherwise unlawful meal and rest breaks. Defendants have also made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Plaintiff and the Class, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained, or were not accurately maintained, for work shifts and meal periods, which were automatically presumed by Defendants to have been lawfully provided when they were not. Defendants also failed to accurately record and pay for all regular and overtime hours worked and submitted by Plaintiff and the Class members, as Defendants' policy of compelling Employees to input time entries contrary to their actual hours worked, resulted in changed timekeeping records and corresponding payroll records reflecting that Employees worked less hours than they actually worked.

33. Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class members, along with the appropriate applicable rates, among others requirements. Plaintiff and Class members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b). Defendants have also failed to comply with paragraph 7 of the

applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to <u>Labor Code</u> § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class members.

34.     From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have thus also had a consistent policy of failing to pay all wages owed to Plaintiff and other similarly situated Employees at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

35.     In light of the foregoing, Plaintiff and the Employees in the Class bring this action pursuant to, *inter alia*, <u>Labor Code</u> §§ 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.7, 510, 511, 512, 558, 1174, 1185, 1194, 1194.2, 1197, 1198, 1199, and 2698 *et seq.*, and California Code of Regulations, Title 8, section 11000 *et seq.*

36.     Furthermore, pursuant to <u>Business and Professions Code</u> §§ 17200-17208, Plaintiff and the Class members seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of <u>Labor Code</u> and the other unfair, unlawful, or fraudulent practices alleged in this Complaint.

## CLASS ALLEGATIONS

37.     Plaintiff brings this class action on behalf of himself an all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class (or "the Class" or "Class members") defined as follows: "All individuals employed by Defendants at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ("the Class Period"), and who have been employed as non-exempt, hourly concessions managers in connection with the concessions operations and services Defendants provide at facilities and other venues within the State of California." Further, Plaintiff seeks to represent the Subclasses composed of and defined as follows:

a.     <u>Subclass 1.   Minimum Wages Subclass</u>. All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

- 16 -

b.      <u>Subclass 2.   Wages and Overtime Subclass</u>. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c.      <u>Subclass 3.   Meal Period Subclass</u>. All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d.      <u>Subclass 4.   Rest Break Subclass</u>. All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

f.      <u>Subclass 5.  Wage Statement Subclass</u>. All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

g.      <u>Subclass 6.  Unauthorized Deductions from Wages Subclass</u>. All Class members who were subject to Defendants' policy and/or practice of deducting wages earned from their pay, including by requiring off the clock work.

h.      <u>Subclass 7.  Failure to Timely Pay Wages Twice Monthly Subclass</u>. All Class members who were subject to Defendants' policy and practice of not timely paying all wages earned when they were due and payable at least twice monthly.

i.      <u>Subclass 8.  Termination Pay Subclass</u>. All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay all wages owed upon termination.

j.      <u>Subclass 9.  UCL Subclass</u>. All Class members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

38.      Plaintiff reserves the right, including under <u>California Rule of Court</u> 3.765 and the applicable federal rules, to amend or modify the class description with greater particularity or to provide further division into subclasses or limitation to particular issues. To the extent equitable

1    tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted

2    accordingly.

3          39.    Defendants, as a matter of company policy, practice and procedure, and in violation

4    of the applicable <u>Labor Code</u>, Industrial Welfare Commission ("IWC") Wage Order requirements,

5    and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged

6    in a practice whereby Defendants failed to correctly calculate compensation for the time worked

7    by the Plaintiff and the other members of the Class, even though Defendants enjoyed the benefit of

8    this work, required Employees to perform this work and permitted or suffered to permit this work.

9    Defendants have uniformly denied these Class members wages to which these employees are

10   entitled, and failed to provide meal periods or authorize and permit rest periods, in order to

11   unfairly cheat the competition and unlawfully profit.

12         40.    This action has been brought and may properly be maintained as a class action

13   under the provisions of Rule 23 of the Federal Rules of Civil Procedure, including because there is

14   a well-defined community of interest in litigation, common questions of law and fact predominate

15   over those requiring individual resolution, and the proposed class is easily ascertainable from the

16   employment records for Plaintiff and the Class members that Defendants are required to maintain

17   under California law and the paragraph 7 of the applicable IWC Wage Orders.

18         **A.    Numerosity**

19         41.    The potential members of the Class as defined are so numerous that joinder of all

20   the members of the Class is impracticable. While the precise number of Class member has not

21   been determined at this time, Plaintiff is informed and believes that Defendants employ or, during

22   the time period relevant to this lawsuit employed, at least hundreds of Employees who satisfy the

23   Class definition within the State of California. Plaintiff alleges that Defendants' employment

24   records will provide information as to the number and location of all Class members.

25         **B.    Commonality and Predominance of Common Questions**

26         42.    There are questions of law and fact common to the Class that predominate over any

27   questions affecting only individual Class members. The common questions are numerous and

28   substantial and stem from Defendants' uniform policies and/or practices of violating the California

Labor Code addressed above. As such, these common questions predominate over individual questions concerning each individual Class Member's showing as to his or her eligibility for recovery or as to the amount of damages. These common questions of law and fact include:

     a.     Whether Defendants failed to pay Employees minimum wages;

     b.     Whether Defendants failed to pay Employees wages for all hours worked;

     c.     Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

     d.     Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

     e.     Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to authorize and permit Employees to take requisite rest breaks or provide premium pay in lieu thereof;

     f.     Whether Defendants violated Labor Code § 226(a) by providing Employees with inaccurate wage statements;

     g.     Whether Defendants violated Labor Code § 221;

     h.     Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

     i.     Whether Defendants' conduct was willful;

     j.     Whether Defendants violated Labor Code § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class members' earned wages and work periods;

     k.     Whether Defendants violated Labor Code § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular or overtime;

     l.     Whether Defendants violated Labor Code § 204 by failing to pay Employees all wages earned at least twice monthly;

     m.     Whether Defendants violated Business and Professions Code § 17200 *et seq.*; and

n.      Whether Employees are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

**C.      Typicality**

43.      The claims of the named plaintiff are typical of those of the other Employees. The Employee Class members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct and uniformly applied policies in violation of statutes, as well as regulations, that have the force and effect of law, as alleged herein. Plaintiff's claims for the off the clock work and meal and rest violations he was required to endure are typical of those of the other concessions supervisors in the Class.

**D.      Adequacy of Representation**

44.      Plaintiff will fairly and adequately represent and protect the interest of the Employees in the Class. Counsel who represents the Employees are experienced and competent in litigating employment class actions.

**E.      Superiority of Class Action**

45.      A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

46.      As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class members. Further, as the economic or other loss suffered by vast numbers of Class members may be relatively small, the expense and burden of individual actions makes it difficult for the Class members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees

to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

47.     Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment. Plaintiff contemplates the eventual issuance of notice to the proposed Class members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

48.     Defendants, as prospective and actual employers of the Employees, had a special fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

49.     Plaintiff and the Class members did not discover they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiff and the Class members discovered their claims.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

50.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

51.     Defendants failed to pay Employees minimum wages for all hours worked. Defendants had a consistent policy of requiring Employees to misstate their time records to conform to scheduled or compliant times rather than actual hours worked and failing to pay Employees for all hours worked. Employees would work hours and not receive wages, including as alleged above in connection with off the clock work, including all the time required to remain on duty and under Defendants' control during breaks and due to the radio communications and the production and other demands placed upon them by Defendants' management. Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted and/or modified Employee hours, or required Employees to do so, and imposed difficult to attain job and shift scheduling requirements on Plaintiff and the Class members, which resulted in off the clock work and underpayment of all wages owed to Employees over a period of time, while benefiting Defendants. During the relevant time period, Defendants thus regularly failed to pay minimum wages to Plaintiff and the Class members, including by requiring systematic off the clock work. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Plaintiff and the other members of the Class as to minimum wage pay.

52.     In California, employees must be paid at least the then applicable state minimum wage for all hours worked, including under Labor Code § 1197, IWC Wage Order MW-2014, and paragraphs 4(A)-4(C) of the applicable IWC Wage Orders. Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

53.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

54.     The applicable minimum wage rate fixed by the commission for work during the relevant period is found in the Wage Orders.

55.     The minimum wage provisions of California <u>Labor Code</u> are enforceable by private civil action pursuant to <u>Labor Code</u> § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

56.     As described in California <u>Labor Code</u> §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California <u>Labor Code</u> §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate, or at the minimum rate in the absence of a contractually agreed upon one.

57.     In committing these violations of the California <u>Labor Code</u>, Defendants inaccurately recorded, or required Plaintiff and the Class members to input times that did not reflect their actual hours worked, or calculated the correct time worked and consequently underpaid the actual time worked by Plaintiff and other members of the Class. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California <u>Labor Code</u>, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendant also failed to timely pay all wages earned in accordance with California <u>Labor Code</u> § 1194.

58.     California <u>Labor Code</u> § 1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

59.     In addition to restitution for all unpaid wages, pursuant to California <u>Labor Code</u> § 1197.1, Plaintiff and Class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

60.     Pursuant to California Labor Code § 1194.2, Plaintiff and Class members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

61.     Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

62.     Wherefore, Plaintiff and the Employee Class members are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a). Plaintiff and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code, including § 558, and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the Class members who have terminated their employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code § 203, which penalties are sought herein on behalf of these Class members. Defendants' failure to timely pay all wages owed also violated Labor Code § 204 and resulted in violations of Labor Code § 226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as alleged herein was willful, intentional and not in good faith. Further, Plaintiff and other Class members are entitled to seek and recover statutory costs.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510

### (Against All Defendants)

63.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

64.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

1    recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

2    compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action

3    may be maintained directly against the employer in an employee's name without first filing a

4    claim with the Division of Labor Standards and Enforcement.

5        65.    By their conduct, as set forth herein, Defendants violated Labor Code § 1194 and

6    Labor Code § 510 (and paragraphs 3(A) and 4(A)-4(B) of the relevant orders of the Industrial

7    Welfare Commission) by failing to pay Employees for all their hours worked, including at: (a)

8    time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a

9    workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked

10   on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours

11   worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight

12   (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not

13   paying Employees wages for all hours worked, including by requiring off the clock work as

14   addressed above and by unlawfully rounding down and under-reporting actual hours worked.

15       66.    Defendants had a consistent policy of not paying Employees wages for all hours

16   worked, including hours at their required regular, overtime, and double-time rates. Defendants,

17   and each of them, have intentionally and improperly rounded, changed, adjusted and/or modified

18   certain employees' hours, including Plaintiff's, or required Plaintiff and the Class members to do

19   so, or otherwise caused them to work off the clock to avoid paying Plaintiff and the Class

20   members all earned and owed straight time and overtime wages and other benefits, in violation of

21   the California Labor Code, the California Code of Regulations and the IWC Wage Orders and

22   guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also

23   violated these provisions by requiring Plaintiff and other similarly situated non-exempt employees

24   to work through meal periods when they were required to be clocked out or to otherwise work off

25   the clock to complete their daily job duties or to attend and participate in company required

26   activities. Therefore, Employees were not properly compensated, nor were they paid overtime

27   rates for hours worked in excess of eight hours in a given day, and/or forty hours in a given week.

28   Based on information and belief, Defendants did not make available to Employees a reasonable

protocol for correcting time records when Employees worked overtime hours or to fix incorrect time entries or those that Defendants unlawfully under-recorded to the Employee's detriment. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated Employees in the Class to work through meal periods when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties.

67.     Defendants' failure to pay Plaintiff and the Class members the unpaid balance of regular wages owed and overtime compensation for all hours worked, as required by California law, violates the provisions of Labor Code §§ 510 and 1198 and paragraph 3(A) of the applicable IWC Wage Orders, and is therefore unlawful.

68.     Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class members seek the remedies set forth in Labor Code § 558.

69.     Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

70.    Employees have been damaged by these violations of California <u>Labor Code</u> §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission). Additionally, under <u>Labor Code</u> § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

71.    Consequently, pursuant to the California <u>Labor Code</u>, including <u>Labor Code</u> §§ 204, 510, 558, 1194, 1198 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation for all their hours worked, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the <u>Labor Code</u> and/or other statutes.

**THIRD CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

72.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

73.    Employees regularly worked shifts greater than five (5) hours and in some instances, greater than ten (10) hours. Pursuant to <u>Labor Code</u> § 512, and paragraph 11 of the applicable IWC Wage Orders, an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

74.    Defendants failed to provide Employees with meal periods as required under the <u>Labor Code</u> and paragraph 11 of the applicable IWC Wage Orders. Employees were often required to work or to otherwise remain under Defendants' control during meal periods, including by responding to radio communications or other job duties or customer or concession worker

demands, or Defendants provided them after Employees worked beyond the fifth hour of their shifts or Employees otherwise had them shortened and interrupted by work demands and requirements and radio communications requiring Employees to remain under Defendants' control. Furthermore, upon information and belief, on the occasions when Employees worked more than ten (10) hours in a given shift, they did so without receiving a second uninterrupted thirty (30) minute meal period as required by law.

75.     Defendants thus failed to provide Plaintiff and the Class members with meal periods, as required by the <u>Labor Code</u> and paragraph 11 of the applicable IWC Wage Orders, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during breaks.

76.     Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7 and paragraph 11 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7.

77.     Therefore, pursuant to <u>Labor Code</u> § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Orders, Employees in the Class are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and other statutes and the applicable IWC Wage Order paragraphs.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

78.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

79.     <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours.

80.     Employees consistently worked consecutive four (4) hour shifts and were generally scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and permit them to take rest periods. Pursuant to the <u>Labor Code</u> and paragraph 12 of the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, and Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift. Employees were often required to work or to otherwise remain under Defendants' control during rest periods, including by being required to respond to radio communications from management and regarding other work requirements, and had breaks provided untimely as a result of the above described off the clock work. Plaintiff and the Class members were also not permitted to leave their work premises during rest breaks.

81.     <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

82.     Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of <u>Labor Code</u> §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

83.     Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the <u>Labor Code</u>. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under <u>Labor Code</u> § 226.7.

84.     Therefore, pursuant to <u>Labor Code</u> § 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1)

hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and/or other statutes.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 226(a)**

**(Against All Defendants)**

85.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

86.     California <u>Labor Code</u> § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

87.     Defendants failed to provide Plaintiff and the similarly situated concessions supervisor Employees with accurate itemized wage statements in writing, as required by the <u>Labor Code</u> and paragraph 7 of the applicable IWC Wage Orders. Specifically, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, and rounded timekeeping entries to the detriment of the Class members, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged above.

88.     Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee

identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226, amongst other statutory requirements, and paragraph 7 of the applicable IWC Wage Orders. Defendants knowingly and intentionally failed to provide Plaintiff and the Class members with such timely and accurate wage and hour statements.

89.     Plaintiff and the Class members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and Class members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

90.     Therefore, as a direct and proximate cause of Defendants' violation of Labor Code § 226(a), and paragraph 7 of the applicable IWC Wage Orders, Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

1    91.    Pursuant to <u>Labor Code</u> §§ 226(a) and 226(e), Employees are entitled to recover

2  the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

3  occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

4  exceeding an aggregate penalty of four thousand dollars ($4,000), and are entitled to recover

5  further penalties pursuant to paragraph 20 of the applicable IWC Wage Orders. They are also

6  entitled to an award of costs and reasonable attorneys' fees.

7                        **SIXTH CAUSE OF ACTION**

8                    **VIOLATION OF <u>LABOR CODE</u> § 221**

9                        **(Against All Defendants)**

10    92.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

11  full herein.

12    93.    <u>Labor Code</u> § 221 provides, "It shall be unlawful for any employer to collect or

13  receive from an employee any part of wages theretofore paid by said employer to said employee."

14  Additionally, pursuant to California <u>Labor Code</u> § 204, other applicable laws and regulations, and

15  public policy, an employer must timely pay its employees for all hours worked. Defendants failed

16  to do so.

17    94.    Defendants unlawfully received and/or collected wages from the Employees in the

18  Class by implementing a policy understating the hours worked by Employees, by requiring off the

19  clock work, and by automatically deducting time for meal periods when they were not lawfully

20  provided or requiring Plaintiff and the Class members to respond to radio communications and

21  work requirements while off-duty, as alleged above.

22    95.    As a direct and proximate cause of the unauthorized deductions, Employees have

23  been damaged, in an amount to be determined at trial.

24                        **SEVENTH CAUSE OF ACTION**

25                    **VIOLATION OF <u>LABOR CODE</u> § 204**

26                        **(Against All Defendants)**

27    96.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

28  full herein.

97.     Labor Code § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." As detailed above, Defendants maintained a consistently applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. Defendants similarly failed to pay all wages earned by not more than seven calendar days following the close of the payroll period.

98.     All wages due and owing to Plaintiff and the Class members, including as required under Labor Code § 510, were therefore not timely paid by Defendants. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

99.     Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

100.     Defendants violated <u>Labor Code</u> § 204 and paragraph 4(B) of the applicable IWC Wage Orders by systematically refusing to timely pay wages due under the <u>Labor Code</u>, as addressed above.

101.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent has been deprived of wages in amounts to be determined at trial, and they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to <u>Labor Code</u> § 204, 210, 218.5, 1194 and 1198, and paragraph 20 of the applicable IWC Wage Orders.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 203**

**(Against All Defendants)**

102.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

103.     Plaintiff and numerous Class members are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

104.     Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

105.     The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment.

106.     Defendants failed to pay Plaintiff and the Class members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by Defendants failing to pay for all hours worked or requiring off the clock work or by unlawfully under-recording time entries to the detriment of Employees, and Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of <u>Labor Code</u> § 203.

107.     Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less

than the applicable minimum wage for all hours worked in the payroll period, …" Under <u>Labor</u> <u>Code</u> § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of <u>Labor Code</u> § 203 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.  Additionally, under <u>Labor Code</u> § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

108.    Finally, Defendants' failure to pay wages, as alleged, entitles Plaintiff and these former Employee Class members to penalties under <u>Labor Code</u> § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

**NINTH CAUSE OF ACTION**

**VIOLATION OF <u>BUSINESS & PROFESSIONS CODE</u> § 17200 *ET SEQ.***

**(Against All Defendants)**

109.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

110.    Plaintiff, on behalf of himself, the Employees in the Class, and the general public, brings this claim pursuant to <u>Business & Professions Code</u> § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of <u>Code of Civil Procedure</u> § 1021.5.

111.    Plaintiff is a "person" within the meaning of <u>Business & Professions Code</u> § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

112.    <u>Business & Professions Code</u> § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and

fraudulent in that Defendants' policy and practice failed to provide the required amount of
compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiff and
Class members for all hours worked, due to systematic business practices as alleged herein that
cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare
Commission requirements in violation of California Business and Professions Code §§ 17200, *et
seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California
Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

113.    Wage-and-hour laws express fundamental public policies. Paying employees their
wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental
public policies of California. Labor Code § 90.5(a) articulates the public policies of this State
vigorously to enforce minimum labor standards, to ensure that employees are not required or
permitted to work under substandard and unlawful conditions, and to protect law-abiding
employers and their employees from competitors who lower costs to themselves by failing to
comply with minimum labor standards.

114.    Defendants have violated statutes and public policies. Through the conduct alleged
in this Complaint Defendants have acted contrary to these public policies, have violated specific
provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in
violation of Business & Professions Code § 17200 *et seq.*; which conduct has deprived Plaintiff,
and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges
guaranteed to all employees under the law.

115.    Defendants' conduct, as alleged above, constitutes unfair competition in violation
of the Business & Professions Code § 17200 *et seq.*

116.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and
overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of
reasonable care should have known that their conduct was unlawful; therefore their conduct
violates the Business & Professions Code § 17200 *et seq.*

117.    By the conduct alleged herein, Defendants have engaged and continue to engage in
a business practice which violates California and federal law, including but not limited to, the

applicable Industrial Wage Order(s), the California Code of Regulations, and the California <u>Labor Code</u> including Sections 204, 226, 226.7, 510, 512, 1194, 1197, and 1198 for which this Court should issue declaratory and other equitable relief pursuant to California <u>Business & Professions Code</u> § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

118.    As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

119.    Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the <u>Business & Professions Code</u>, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the <u>Business & Professions Code</u>, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

**TENTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO <u>LABOR CODE</u> § 2698, *ET SEQ*.**

**(Against All Defendants)**

120.    Plaintiff realleges and incorporate all preceding paragraphs, as though set forth in full herein.

121.    Plaintiff and Employees are aggrieved employees as defined under <u>Labor Code</u> § 2699(c) in that they suffered the violations alleged in this Complaint and either were or are employed by the alleged violators, Defendants.

122.    In failing to pay Aggrieved Employees minimum wages and overtime, not providing proper meal and rest periods, failing to provide accurate itemized wage statements, and failing to pay Employees wages upon termination or timely upon resignation, all discussed above, Defendants failed to timely pay Aggrieved Employees wages on a semimonthly basis as required under <u>Labor Code</u> § 204. Defendants also failed to maintain records showing accurate hours worked daily and the wages paid to Aggrieved Employees, as required by <u>Labor Code</u> § 1174 and

paragraph 7 of the applicable IWC Wage Orders.

123.    As such, Employees seek wages and penalties under Labor Code §§ 2698 and 2699 for Defendants' violation of Labor Code provisions included under Labor Code § 2699.5, including the penalty provisions, without limitation, based, *inter alia*, on the following California Labor Code sections: 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1174, 1174.5, 1185, 1194, 1194.1, 1194.2, 1197, 1197.1, 1199, 2802, and 2698 *et seq.*

124.    More specifically, after complying with the notice procedures of  Labor Code § 2699.3, Plaintiff asserts, as a representative action on behalf of the California Attorney General and the other similarly Aggrieved Employees, a PAGA claim for violations of the above addressed underlying claims and seeking penalties as specified by the applicable corresponding provisions, including as follows:

(a)    Wage Claims: For failure to provide Plaintiff and the Aggrieved Employees all earned regular pay and minimum wages for regular hours worked and for failure to pay overtime premium wages for overtime hours worked under Labor Code §§ 510, 1194(a), 1197, and 1198, and paragraphs 2(K), 3(A), 4 and 20 of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable, and wages, under Labor Code §§ 510, 558, 1194.2, 1197.1, 1199, 2699(f)(2), and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

(b)    Meal and Rest Period Claims: For failure to provide Plaintiff and the Aggrieved Employees off-duty, timely, and unpaid meal periods and failure to authorize and permit them to take off-duty, timely, and paid rest periods, or pay one hour of regular pay in lieu thereof, under Labor Code §§ 512, 1198, and 226.7, and Sections 11, 12(A), and 12(B) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable, including under paragraph 20 of the applicable IWC Wage Orders, and wages under Labor Code §§ 226.7, 512, 558, including sections 558(a)(1)-(3), 1199 and 2699(f)(2), and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

(c)    Inaccurate Wage Statements and Failure to Maintain Records: For failure to provide Plaintiff and the Aggrieved Employees with accurate, itemized wage statements and

failure to maintain employment records for Plaintiff and Aggrieved Employees under Labor Code §§ 226, 1174, and 1198.5, and Sections 7(A), 7(B), and 7(C) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties and wages available and applicable under Labor Code §§ 226(e), 226.3, 558, 1174.5, 1199, and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Order, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

          (d)     Failure to Timely Pay Wages: For failure to timely pay all wages owed, including at least semi-monthly and upon separation or termination, under Labor Code §§ 201, 201, 203, 204, 1197.5, 2926, and 2927 seeking all civil penalties available and applicable, and wages, under Labor Code §§ 201, 202, 203, 210, 558, 1197, 1198, 1199 and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Orders, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1); and

          (e)     All Alleged Violations of the IWC Wage Orders:  For any above addressed violation of the applicable provisions of the IWC Wage Orders constituting violations of Labor Code § 1198 and Labor Code § 2699.5, and seeking penalties available and applicable under Labor Code § 2699(f)(2) and paragraph 20 of the applicable IWC Wage Orders, and for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

125.     The penalties shall be allocated under Labor Code § 2699(i) as follows: 75% to the Labor and Workforce Development Agency (LWDA) and 25% to the affected employees.

126.     As also addressed above, Plaintiff, on behalf of the Aggrieved Employees, also seeks the penalties and remedies set forth in Labor Code § 558, which states:

(a)     Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

(b)     If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those

1    set out in Section 1197.1.

2    (c)    The civil penalties provided for in this section are in addition to any other civil or
3    criminal penalty provided by law.

4    127.    Plaintiff has exhausted his administrative remedy by sending a certified letter to the

5    LWDA and Defendants postmarked on **December 11, 2018** addressing in detail the specific

6    provisions of the <u>Labor Code</u> Defendants have violated and addressing the facts and legal theories

7    to support the alleged violations. The LWDA has not provided notice of its intent to investigate

8    the alleged violations within 65 calendar days of the postmark date of the letter, and Plaintiff adds

9    this claim seeking penalties under the PAGA for the violations addressed herein and in the PAGA

10    Notice letter and the original Complaint.

11    <u>**RELIEF REQUESTED**</u>

12    WHEREFORE, Plaintiff prays for the following relief:

13    1.    For an order certifying this action as a class action;

14    2.    For compensatory damages in the amount of the unpaid minimum wages for work

15    performed by Employees and unpaid overtime compensation from at least four (4) years prior to

16    the filing of this action, as may be proven;

17    3.    For liquidated damages in the amount equal to the unpaid minimum wage and

18    interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

19    4.    For compensatory damages in the amount of all unpaid wages, including overtime

20    and double-time pay, as may be proven;

21    5.    For compensatory damages in the amount of the hourly wage made by Employees

22    for each missed or deficient meal period where no premium pay was paid therefor from four (4)

23    years prior to the filing of this action, as may be proven;

24    6.    For compensatory damages in the amount of the hourly wage made by Employees

25    for each day requisite rest breaks were not provided or were deficiently provided where no

26    premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may

27    be proven;

28    7.    For penalties pursuant to <u>Labor Code</u> § 226(e) for Employees, as may be proven;

8.      For restitution and/or damages and penalties for Defendants' failure to pay all wages due twice monthly under Labor Code § 204, as may be proven;

9.      For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 221, as may be proven;

10.     For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

11.     For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq.*, including disgorgement or profits, as may be proven;

12.     For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

13.     For penalties pursuant to Labor Code § 2698 *et seq.*, as may be proven;

14.     For wages and penalties under Labor Code § 558, as may be proven;

15.     For other wages and penalties under the Labor Code as may be proven;

16.     For all general, special, and incidental damages as may be proven;

17.     For an award of pre-judgment and post-judgment interest;

18.     For an award providing for the payment of the costs of this suit;

19.     For an award of attorneys' fees; and

20.     For such other and further relief as this Court may deem proper and just.


DATED:  February 14, 2019                    DAVID YEREMIAN & ASSOCIATES, INC.


                                             By _____
                                                David Yeremian
                                                Alvin B. Lindsay
                                                Attorneys for Plaintiff ROBERT
                                                BUCHANAN and all others similarly
                                                situated

FIRST AMENDED CLASS ACTION COMPLAINT

1

## <u>DEMAND FOR JURY TRIAL</u>

2      Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4    DATED: February 14, 2019                    DAVID YEREMIAN & ASSOCIATES, INC.

5

6                                              By _____
                                                   David Yeremian
7                                                  Alvin B. Lindsay
                                                   Attorneys for Plaintiff ROBERT
8                                                  BUCHANAN and all others similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT